MAY TERM,
1839.

Porter
v.
The State.

Indictment in the St. Louis circuit court for adultery—venue changed to Jefferson county, on application of defendant, and on his affidavit that the Judge was prejudiced against him. Held, that although the statute did not allow a change of venue for that cause, and that it was error to allow it on the affidavit; *still*, as the change was procured by defendant for his own ease and convenience, and to a court having competent jurisdiction of that species of offence, this court will not reverse the judgment of the circuit court on the application of defendant, on account of such illegal change of venue.

NAPTON, Judge, dissented—holding that the case, when sent to Jefferson county, was *coram non judice*—that the circuit court of that county, not having jurisdiction of that cause, the consent of defendant could not confer jurisdiction.

APPEAL from the circuit court of Jefferson county.

*Frissell*, counsel for appellant:

On the part of the plaintiff in error it is contended:

1. That the circuit court of Jefferson county had no jurisdiction in this case, because the venue was not changed according to law—Stat. of Mo. 486–7.

2. Consent of the defendant does not give jurisdiction, and the court cannot act in changing the venue except in accordance with the law—the law there regulating the change.

3. That the evidence does not support the verdict.

*Brickey*, (circuit attorney,) counsel for appellee:

For the state, I submit the following points for the consideration of this court:

1. Is the evidence contained in the record sufficient to warrant a verdict of guilty?

2. Is not the second count in the indictment good?—for upon this count the jury did find the defendant guilty.

3. Was not the change of venue properly awarded by the circuit court of St. Louis, the order having been made on the application and affidavit of the defendant himself? (See Rev. Code, 206, sec. 8; do. 483, sec. 15, 16, 17, 18, 19.)

TOMPKINS, Judge, delivered the opinion of the court.

Porter was indicted in the county of St. Louis, and on trial found guilty of the crime of adultery. He obtained a new trial, and also a change of venue to the county of Jefferson, where being again found guilty, he appealed to this court.

A change of venue is allowed by the statute, *first*, where the Judge of the court in which the cause is pending is near of kin to the defendant, by blood or marriage; or, *second*, where the defendant is a slave, and such Judge, or a person near of kin to him, is the owner or has any interest in such slave; or, *third*, where the offence charged is alleged to have been committed against the person or property of such Judge, or of some person near of kin to him; or, *fourth*, where the Judge is in anywise interested, or shall have been counsel in the cause.

The cause assigned for a change of venue is, that the judge of the circuit court was prejudiced against him. It was in evidence, that three or four years before the trial, the prisoner was an inhabitant of St. Louis county, and married; and that Louisa Matheney and her mother lived in the prisoner's family, being poor and related to him; that three or four years ago, said Louisa left the county of St. Louis, and that about two weeks afterwards, the prisoner left the county and was absent about three years; that in some short time after Porter and Louisa had left their usual place of residence, the witness, at the request of the wife of Porter, sought him out and found him at the market house. Porter told him that he had taken Louisa across the river, and intended to do something for her. He denied any intention of abandoning his wife, but said he was going away on business. Porter, after an absence of about three years, returned to St. Louis county. Since his return, Porter has lived principally at his father's house. Shortly after the return of Porter, Louisa also returned, and resided at the same house with the prisoner, Porter, having become the mother of two children. Other evidence was given, which showed that they were seen frequently to go into the bed room together at night, Louisa bearing one child and the prisoner the other. But a witness on the part of Porter stated that they occupied different beds; that Porter, the prisoner, slept with the witness, and generally rose first in the morning, and that he had never observed any improper conduct on the part of Porter towards Louisa.

On the part of the prisoner, it is contended that, 1. The change of venue was improperly granted, and therefore the court had no jurisdiction of the case, and its judgment must therefore be void. 2. That supposing the court had jurisdiction, the evidence did not warrant the finding of the jury.

MAY TERM, 1839.

Porter
v.
The State.

Indictment in the St. Louis circuit court for adultery,—venue changed to Jefferson county on application of defendant, and on his affidavit that the judge was prejudiced against him. Held, that although the statute did not allow a change of venue for that cause, and that it was error to allow it on the affidavit, still, as the change was procured by defendant for his own ease and convenience, and to a court having competent jurisdiction of that species of offence, this court will not reverse the judgment of the circuit court on the application of defendant on account of such illegal change of venue.

Napton, Judge, dissented—holding that the case when sent to Jefferson county, was coram non judice, that the circuit court of that county not having jurisdiction of that cause, the consent of defendant could not confer jurisdiction.

After two verdicts and one change of venue, the evidence ought to be weak, indeed, if another new trial were granted. The circuit judge who granted the first new trial, must, it seems to me, have been influenced in his decision by the fear of doing injustice to the prisoner, for it appears in evidence that the wife of the prisoner, during his absence, had obtained a divorce before the same judge. The evidence was so strong that, it appears to me, the judge, in granting the first new trial, committed the fault peculiar to men of nice sensibility, to err in favor of the person against whom he was suspected of being prejudiced. No error then appears to me to have been committed by the circuit court of Jefferson county in refusing a new trial. It is next to inquire whether the action of the court is void for want of jurisdiction It is plain that the statute does not allow a change of venue because the judge was prejudiced, and it was error to allow it on the affidavit; and if the statute could have conferred on the State the right to change the venue, and it had by this act done so, then the State would deservedly have had its judgment reversed for its illegal act to the prejudice of the defendant.

But the prisoner changes the venue himself, or rather, the court at his instance, orders it to be changed, and he causes it to be changed; and to be changed, too, to a court having jurisdiction of that species of offence against the laws. Had the cause been sent to the county court for trial, it is clear that every thing done therein would be null and void, but otherwise, it appears to me, in the circuit court, a court having jurisdiction of such offences. The constitution has secured to the prisoner a right of trial by the vicenage. The law allows him to waive that right in certain cases. This certainly is not now one of those cases. The State had before found the inconvenience of allowing a change in such cases, and repealed the law. So, in defiance of law, the prisoner, for his own ease and convenience, procures a change of venue to a court of competent jurisdiction, and then complains of the illegality of the act.

In my opinion, the judgment of the circuit court ought not, for either of the above reasons, to be reversed. On this last point of the jurisdiction of the circuit court of Jefferson county, Judge Napton differing in opinion, the judgment of the circuit court must be affirmed, and it accordingly is affirmed.

NAPTON, Judge, dissenting.—I cannot concur in the opinion of Judge Tompkins on the question of jurisdiction. It is admitted that the circuit court of St. Louis county had no power under our statute to order a change of venue on the alleged ground of prejudice against the defendant. This is not one of the enumerated cases in the act, and I know of no power apart from the statute which authorized a change of venue. The case, therefore, when sent to Jefferson county, was *coram non judice*, and the circuit court of that county had no jurisdiction to try the case.

It is, I believe, a well settled doctrine that consent cannot give jurisdiction, and the result to which a contrary doctrine in this case would lead, seems to me well worthy of attention. If it be sound law that, because the circuit court of Jefferson county had jurisdiction over offences of the same character with the one charged in this indictment, it had therefore jurisdiction over such offence, though committed in St. Louis county, upon the principle that the defendant could not and ought not to take advantage of his own wrong, such a position might lead to consequences that would be rather startling. The circuit court of Jefferson county has jurisdiction over the offence of murder, but I imagine it will hardly be contended that it would have a right to try a person charged with having committed murder in the State of Illinois or Arkansas, even though the person charged may have selected that tribunal in preference to one before which it was properly cognizable.

By the principles of the common law, the defendant could not have been tried in Jefferson county. To give the court of that county jurisdiction, resort must be had to the statute; but the statute, it is admitted, did not authorize the change which was made, neither by common law or statutory provision. Then, the circuit court of Jefferson county had no jurisdiction, and the consent of the defendant could not give it any. The judgment should therefore, I think, be reversed.