OGLESBY and others *v.* ATTRILL.*

(*Circuit Court, E. D. Lousiana.* April, 1881.)

1. EQUITY PRACTICE AND JURISDICTION—BILL FOR A NEW TRIAL.

A bill for a new trial in an action at law, on account of frauds practiced and perjuries committed by plaintiff and his witnesses at the trial at law, which, have been discovered since the term at which the judgment at law was rendered, cannot be filed in any court other than the one before which such trial was had and which rendered such judgment.

2. SUBSTITUTED SERVICE.

In such a case service of process upon the attorney who represented the defendant in the action at law in which he was plaintiff, in the absence of the said defendant from the district, adjudged to be good.

*Richard De Gray, Charles B. Singleton,* and *Richard H. Browne,* for complainants.

*Thomas J. Semmes,* for defendant.

BILLINGS, D. J. The question now submitted is solely as to the validity of a service of a subpœna upon the attorney of a party who does not reside within the district of Louisiana. The facts necessary to properly apply the principles of law to the case are as follows: Henry Y. Attrill, who resides in New York, commenced a suit at law in the United States circuit court for this district against J. H. Oglesby and Jules Cassard, who set up by way of counter-claim (or, as it is termed by the Code of Louisiana, by way of "reconventional demand") a cause of action. This twofold cause was tried by a jury, and a verdict rendered against the demand of the plaintiff (Attrill) and the demand of the defendants, (Oglesby and Cassard.) Upon this verdict judgment was entered. A writ of error was sued out by the defendants, and upon this writ the cause is now before the United States supreme court.

Oglesby and Cassard have filed a bill in equity, which, if considered according to the nomenclature of bills in chancery, would be denominated a bill for a new trial in an action at law on account of frauds practiced and perjuries committed by plaintiff and his witnesses at the trial at law, which have been discovered since the term at which the judgment at law was rendered. If considered according to the terminology of our Code it would be classed among actions to annul a judgment on the ground that it had been obtained through false swearing. Whether considered as a suit in equity or an action

*Reported by Joseph P. Hornor, Esq. of the New Orleans bar.

under the Code, the object of the suit is to set aside a judgment in order that a new trial may be had.

This suit, therefore, is not simply a suit to impeach a decree for fraud, but it is a suit to obtain a new trial; for the judgment simply denied the right of complainants to answer, and gave no damages against them.

I do not see how a bill for a new trial can be filed in any other court than this. It is not like a bill for discovery, which could be entertained by any court with equity jurisdiction. If it were simply a bill to impeach a decree *pro tanto*, it would, as Mr. Justice Bradley remarks, in *Barrow* v. *Hunton*, 99 U. S. 85, upon the authority of *Gaines* v. *Fuentes*, fall within the class of original bills.

In *Gaines* v. *Fuentes* the court very cautiously say, (92 U. S. 17:) "The action, though in form to annul an alleged will and recall the decree of its probate, since the petitioners are not heirs nor next of kin, is simply a suit brought against a devisee by strangers to annul a will as a muniment of title, and to restrain the enforcement of the decree establishing it so far as it affects their property," and distinguish the case from that of the case of *Broderick's Will*, 21 Wall. 503, when the action was a suit brought by the heirs to altogether set aside a will and the decree by which it was admitted to probate. The *Gaines Case* was held to be removable; the *Broderick Case* could not be removed. But this is more than a bill to impeach. No other court than this could give the complete relief which the case of the complainants demands, for no other court could render a decree which could do more than operate upon the parties; while the case demands that there should be a decree which will operate on the adverse judgment, remove it altogether as an impediment to the affirmative relief sought by complainants in their action at law, and give them a new trial in that action.

The nature of an application for a new trial, as to whether it is an original or incidental proceeding, is the same whether it be presented by a motion or a bill. It is only a difference in formality. In one case it is made during the term; in the other after its termination. In either case its effect, if granted, is to restore the parties to the situation which they occupied before the verdict. In either case it is not only an incident of a cause depending, but it is inseparable from it.

The case of *Ward* v. *Sibring*, 4 Wash. C. C. 472, is very instructive, and comes nearest to laying down the principle which should con-

trol this case. After referring to the inhibition contained in the eleventh section of the judiciary act of 1879, (Rev. St. 739,) restricting the institution of suits by original process against an inhabitant of the United States, save in the district whereof he is an inhabitant or in which he shall be found, the court observes: "Now, this court has never considered this section as applying to injunctions to stay proceedings at law, or to cross-bills, because, strictly speaking, they are not original suits, nor are they within the meaning and policy of the restriction." He then quotes from Cooper's Treatise on Equity Pleading, page 44, where he (Cooper) characterizes bills not original as being those which are filed for the purpose of cross-litigation of matters already depending before the court, of controverting, suspending, avoiding, or carrying into execution a judgment of the court. Justice Washington then proceeds to say that "the practice of the court directing service of the subpœna on the attorney of the plaintiff at law in cases of injunctions, and on the solicitor of the plaintiff in the original suit, when a cross-bill is filed, is founded on the necessity of the case; the plaintiff in the action at law and in the original suit in equity in most cases residing out of the district in which the court sits, and there being no remedy for the party unless it is afforded by entertaining those suits and countenancing a service on the law agent against the non-resident party; for it is not competent for the chancery court of one district or state to enjoin the proceedings at law in the circuit court of another district, and it is obvious that a cross-bill can only be filed in the court where the original bill is depending." The basis of the reasoning here includes this case. The reason why the injunction bill and the cross-bill are held to be adjuncts of the first suit, is that they could not be brought in any other court than that in which the first suit was depending, as no other court could administer the necessary remedy. This is equally true of a bill to annul a judgment and for a new trial where the judgment is such as is the judgment here, a mere denial of the redress sought by the complainants in their action at law, and where, therefore, no mere restraining process issued in another district, and operating solely upon parties, could be effective. The intention of congress in limiting the use of original process to cases of inhabitants of the district in which the suit was brought, unless the parties sued were found there, was to prohibit the dragging of parties defendant from the places of their residence to distant parts of the Union for the trial of causes not instituted by them. This limitation was not designed to include a case where, as here, a demand is made by parties against a plaintiff,

which is a prosecution inseparable from a cause which that plaintiff has himself instituted. The process which is issued as a notice to the plaintiff in such a case is not "original;" it is incidental, ancillary, a step in a pending cause. It is not a process which originates a cause, but it merely prolongs one already commenced.

The plea to the return is overruled, and the service upon the attorney is adjudged to be good. The respondent may have time to answer as if the service of the subpœna had been made to-day.