THE STATE OF MISSOURI *ex rel.* T. J. ESTES, Respondent, v. DENNIS SPRINGER *et al.*, Appellants.

Kansas City Court of Appeals, May 11, 1891.

1. **Damages:** MEASURE OF FOR WRONGFUL LEVY: HOMESTEAD. A writ of attachment was levied upon plaintiff's mortgaged homestead and also on the corn growing thereon, and he brought suit alleging that by reason of the levy he could not use the corn to raise money to pay the mortgage, which was foreclosed, and so he lost his homestead. *Held,* the measure of damages was the value of the corn, and not the value of the homestead.

2. ———: PROXIMATE CAUSE: ATTACHMENT: MORTGAGE. The levy of an attachment on a mortgaged homestead, when the mortgage is due, cannot be held the proximate cause of the foreclosure of the mortgage, as the most that can be said is that, but for the levy, other causes would have been set in motion, which would have the effect of operating on the cause that was to bring about the foreclosure, and have stopped it, which is too far removed from the real cause,—the non-payment of the debt.

3. ———: ATTACHMENT: FORECLOSURE OF MORTGAGED HOMESTEAD NO LOSS: WARNING BIDDERS. Though a levy of an attachment prevented the raising of money to pay the mortgage debt and a foreclosure followed, the homestead owner can maintain no action therefor as there has been no loss, where the homestead at the sale brought its full value; or where, though it brought less, the owner warned bidders at the sale that no title would pass, and the purchaser would be sued.

4. **Attachment:** PLEADING: INSTRUCTION: EXECUTION. Where the petition asserted as a cause of action the causing of a loss of homestead by the levy of an attachment thereon and on certain personal property, an instruction which authorizes a recovery if the attachment was levied upon exempt personal property, regardless of what effect such levy had as occasioning the loss of the homestead, is error.

5. ———: APPRISING DEBTOR OF HIS EXEMPTIONS: EXECUTION. An instruction was faulty which asserts that it was the duty of the sheriff before levying an attachment to apprise the debtor of his exemption rights. Such is his duty in levying an execution, but not an attachment.

The State v. Springer.

6.  **Change of Venue:** JURISDICTION OF. Plaintiff obtained a change of venue from Barton to Vernon county and thence to Bates county circuit court. *Held,* the latter court acquired jurisdiction.

ON REHEARING.

7.  **Damages :** FORECLOSURE SALE : WARNING BIDDERS. A mortgagor cannot maintain an action to recover damages accruing to him by reason of a sacrifice of his homestead caused by his warning persons not to bid at the foreclosure sale.

8.  ————— : NOMINAL : ATTACHMENT OF HOMESTEAD. Nominal damages should not in the absence of actual damages be allowed for the mere levy of an attachment on a homestead, which exceeds the statutory value, notwithstanding incumbrances thereon may reduce the value within the statutory limit, or what may be the rule in case of executions.

9.  ————— : ATTACHMENT OF EXEMPT PERSONALTY : PLEADING. Where the *gravamen* of the petition is the loss of plaintiff's homestead by a sale under the mortgage which the levy of an attachment rendered him powerless to prevent, there can be no recovery for a levy of the attachment on exempt personal property.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

REVERSED.

*John Gilbreath, R. J. Tucker* and *J. B. Cole,* for appellants.

(1) The sheriff, when levying in the country upon land in which plaintiff has a homestead, in an attachment proceeding, is bound to only ascertain if the value of such tract of land is in excess of $1,500. R. S. 1879, sec. 2689; *State ex rel. Sligo, etc., v. Mason,* 15 Mo. App. 141 ; s. c., 88 Mo. 222. (2) The law did not require the sheriff to apprise the attachment defendants of their right, if any, to hold property exempt. It is only where execution shall come into an officer's hands that such duty is imposed upon him. R. S. 1879,

sec. 2347.   The statutes concerning execution, and the
statute concerning attachment, are not and cannot be
construed together.   *State ex rel. Johnson v. Knott*, 19
Mo. App. 151.   (3) If after the writ was levied by the
sheriff, 'F. Egger & Sons proceeded and foreclosed a
deed of trust, and thereby divested plaintiff's title, and
plaintiff was damaged thereby, they are the parties to
sue, and their action was the proximate cause of plain-
tiff's loss, if any.   (4) That part of the petition which
sets out the inducement, as a basis for consequential
damages, should have been struck out.   The levy of
the attachment, upon the homestead, was not the proxi-
mate cause of the trustee's sale; that was not the
natural or direct effect of the act of making the levy.
*Gilliland v. Railroad*, 19 Mo. App. 411; *Brown v.
Railroad*, 20 Mo. App. 223; *Brink v. Railroad*, 17
Mo. App. 199; *Christy v. Perry*, 24 Mo. App. 275,
and cases cited by court; *Ins. Co. v. Tweed*, 7 Wall.
52; *Penn. Co. v. Whitlock*, 99 Ind. 16; *People v. Rock-
well*, 39 Mich. 503; *Lewis v. Railroad*, 54 Mich. 55.
The facts being recited in the petition, the question as
to whether the foreclosure was the proximate cause of
plaintiff's alleged loss was one for the court.   *Henry
v. Railroad*, 76 Mo. 288; *Hooy v. Railroad*, 85 Penn.
293; *Lewis v. Flint*, 54 Mich. 55; *Mahoney v. Watson*,
9 Atl. Rep. 430; *Harrison v. Berkley*, 1 Strob. 525-9.
(5) Only one change of venue can be allowed under the
law, and when the second was granted plaintiff, and the
cause sent to the Bates county circuit court, that court
acquired no jurisdiction of the case.   Laws, 1881, p. 176.
Defendants' appearance in the circuit court of Bates
county did not confer jurisdiction; the jurisdiction is
transferred by the court's order for change of venue.
89 Mo. 58; 79 Mo. 198; 66 Mo. 192; 55 Mo. 334.
(6) The third instruction, given on the part of plain-
tiff, contained error.   *Stewart v. City of Clinton*, 79
Mo. 603.

*H. C. Timmonds* and *Thurman & Wray*, for respondent.

(1) A sheriff in this state has no right to levy an attachment on exempt property, and such levy constitutes a wrong for which he and his securities are liable. R. S. 1889, sec. 539 ; Thompson on Homestead Ex., sec. 833 ; Waples on Attachment, secs. 164, 165, 185 ; Drake on Attachment, sec. 244; *State ex rel. v. Mason*, 88 Mo. 224 ; *State ex rel. v. Farmer*, 21 Mo. 161 ; *Frost v. Mott*, 34 N. Y. 256 ; *Cole v. Green*, 21 Ill. 105 ; *Vandibur v. Love*, 10 Ind. 54. (2) The levy of an attachment on a homestead constitutes a cloud on the title, and prevents its use. *Harrington v. Utterback*, 57 Mo. 519 ; *State ex rel. v. Philips*, 97 Mo. 339 ; *Vogler v. Montgomery*, 54 Mo. 578 ; *State ex rel. v. Mason*, 15 Mo. App. 145. (3) When a party is prevented by the unlawful or wrongful act of another from using the means at hand to avoid an injury which a lawful use thereof would have averted, such wrong-doer is liable for the injury. *Metallic Co. v. Railroad*, 109 Mass. 277 ; *McAfee v. Grofford*, 13 Howard ( U. S.) 447 ; *Hobbs v. Davis*, 30 Ga. 423. (4) While an innocent or wrongful act of a third person may be the immediate cause of the injury, yet, if a prior wrongful act contributed so effectually to it as to be regarded as the efficient or, at least, the concurrent and responsible cause, the damages are not too remote. 1 Sutherland on Damages, 64; *Morrison v. Railroad*, 27 Mo. App. 418 ; *Powell v. Deveney*, 57 Mass. 300 ; *Scott v. Hunter*, 46 Pa. St. 192 ; *Pittsburg v. Grier*, 22 Pa. St. 54 ; *Vandenburg v. Traux*, 4 Denio, 464 ; *Scott v. Shepherd*, 2 W. Bl. 892 ; *Atkinson v. Newcastle*, 6 Exch. ( Law Rep.) 404 ; *Byrne v. Waterworks*, 15 Irish C. L. 332–342. Respondent's homestead was about to be sold under deed of trust. He was in the act of saving the same, and would have done so, but was prevented from so doing by

appellants' wrongful act in levying a writ of attachment on all of respondent's real and personal property. The wrongful act of appellants was the concurrent and responsible cause of the damages, notwithstanding the foreclosing of the deed of trust was the immediate cause of the sale. *State ex rel. v. Mason*, 15 Mo. App. 145 ; *Vandenburg v. Traux*, 4 Denio, 464 ; 1 Sutherland on Damages, 48, 64, and cases cited ; *Brink v. Railroad*, 17 Mo. App. 200 ; *Forney v. Goldmacher*, 75 Mo. 113. (5) An annual crop is personalty, and, after it ceases to draw sustenance from the soil, does not pass with a sale of the realty. *Garth v. Caldwell*, 72 Mo. 622 ; *Salmon v. Fewell*, 17 Mo. App. 118 ; *White v. Wear*, 4 Mo. App. 341 ; *Hayden v. Burkemper*, 40 Mo. App. 354. (6) The appearance by defendants in the circuit court of Bates county and answering the amended petition filed therein, and going to trial without making any objection to the jurisdiction of the court, was a waiver on their part, and it is too late to raise the question now. *Powers v. Browder, Adm'r*, 13 Mo. 154 ; *Henderson v. Henderson*, 55 Mo. 545 ; *Stearns v. Railroad*, 94 Mo. 317 ; R. S. 1879, secs. 2271, 3435 ; *Koehler v. Criddle*, 30 Mo. App. 34 ; *Scovill v. Glasner*, 79 Mo. 449. (7) The damages claimed by plaintiff on account of the levy of the attachment on his homestead are not too remote, and the question as to such damage was properly left to the jury. *State ex rel. v. Mason*, 15 Mo. App. 145 ; *Metallic Co. v. Railroad*, 109 Mass. 277 ; *Chapman v. Railroad*, 33 N. Y. 369 ; *Bennett v. Lockwood*, 20 Wend. 223 ; *Scott v. Kenton*, 81 Ill. 96 ; Sutherland on Damages, ·pp. 20–73 ; *Brink v. Railroad*, 17 Mo. App. 179 ; *Evans v. Railroad*, 11 Mo. App. 463 ; *Adams v. Railroad*, 100 Mo. 556 ; *Strauss v. Railroad*, 75 Mo. 185 ; *Forney v. Goldmacher*, 75 Mo. 113. (8) The instructions given by the court correctly stated the extent of plaintiff's homestead rights. R. S. 1879, secs. 5435, 5436 ; *State ex rel. v. Mason*, 88 Mo. 222 ; *State ex rel. v. Farmer*, 21 Mo. 161 ; *Frost v. Mott*,

34 N. Y. 256. (9) The officer is bound to know the law. *State ex rel. v. Shacklett*, 37 ·Mo. 284. (10) He has no right to attach property that is exempt from execution. Waples on Attachment & Garnishment, 185,. 164, 165; Drake on Attachments [6 Ed.] sec. 244.

For rehearing: (1) If the wrongful levy of the writ of attachment upon relator's homestead so shackled and incumbered it as to prevent him from saving it from the impending foreclosure, then he ought to recover from the guilty party, as damages, such sum as he lost by reason of the foreclosure. *State ex rel. v. Mason*, 15 Mo. App. 145 ; *Metallic Co. v. Railroad*, 109' Mass. 277.; R. S. 1889, ·sec. 5435. The homestead is by law protected from attachment. (2) For the violation of every legal right, nominal damages, at least, will be allowed. *Fulkerson v. Eads*, 19 Mo. App. 620.

ELLISON, J.—The defendant Springer was the sheriff of Barton county, and the other defendants were his sureties on his official bond. This action is on the bond. for damage alleged to have accrued to plaintiff by reason of the loss of his homestead in a certain tract of' land. The land was incumbered by a certain deed of' trust for $1,000, known as the Homan deed of trust, which being deducted from the value of the land left it. of less value than $1,500, being the value allowed for a. homestead in the country in this state. F. Egger &. Sons sued out an attachment for debt against relator,. whereupon defendant Springer, as sheriff, levied the writ of attachment on land and a lot of personal property, including a large quantity of corn, standing and growing on the land. None of the personal property was taken from the relator, and afterwards this levy on. the personalty (if it can be called a levy, no possession being taken) was released as to all except the corn, thus. leaving the attachment only against the land and the

corn thereon. At the time of the attachment the deed of trust was due. It was purchased by the Eggers, plaintiffs in the attachment suit, and foreclosed by them. Relator was negotiating for a loan at this time with which to pay off the deed of trust, but alleges and offered testimony tending to prove that, but for the attachment of the corn (the product of the homestead) and of the land, he would have succeeded in getting sufficient money whereby he would have discharged the mortgage and saved his homestead. The loss of the homestead alleged to have been occasioned as above set forth is the injury done relator for which he asks damages. He obtained a change of venue from Barton to Vernon county and from Vernon to Bates county, only one change being allowed by statute. He obtained judgment in the latter court, and defendants appeal. The record in this cause is large, and the questions presented for review are numerous. The facts in detail are more lengthy than we have stated them, but after a full examination it is believed the above comprehends sufficient to dispose of the case under the view we take of it.

One of the questions presented, as will be seen from the foregoing, in connection with the petition upon which the cause was tried, is whether the measure of damages by the seizure and sale of the corn is the value of the homestead alleged to have been lost by reason of being disabled from paying off the incumbrance upon it resulting from not being able to get money on the corn, or is the measure of such damage merely the value of the corn? We are clearly of the opinion that the latter is the true measure of damages. The proximate injury is the loss of the corn. What relator might have done with the corn is conjectural; what he might have done with the money if he had sold the corn is conjectural. The only thing about the matter sufficiently definite to base legal results upon is, that he lost corn of a certain value, and that value he should recover, unless prevented by considerations disclosed further on.

II.　The other question is, whether the levy of the attachment upon the homestead was the proximate cause of its loss by a sale under the deed of trust.　We think it was not.　The levy of the writ did not disturb the possession of the property, nor did it affect the title to the homestead. The levy did not cause the sale of the homestead. The default of the debt, secured, caused the sale.　If by reason of the levy a sale took place under the deed of trust, it would present a different question. But the levy did not set anything in motion towards the foreclosure of the deed of trust; the moving and only cause of foreclosure was the non-payment of the debt. The foreclosure could, and perhaps would, have proceeded without regard to the levy.　The most that can be said is that but for the levy other causes would have been set in motion which would have the effect of operating on the cause which was bringing about a foreclosure and stopped the foreclosure.　But this is too far removed from the real cause to be allowed.　Questions of proximate and remote causes are often exceedingly difficult to determine.　As was said by Judge MILLER. in *Ins. Co. v. Tweed*, 7 Wall. 44:　"It would be an unprofitable labor to enter into an examination of the cases.　If we could deduce from them the best possible expressions of the rule, it would remain after all to decide each case largely upon the special facts belonging to it, and often upon the very nicest discriminations. One of the most valuable *criteria*," the judge continues, "is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened, of itself sufficient to stand as the cause of the misfortune, the other must be considered as too remote."

But it may be proper to consider this question as presenting a different phase ; that is, that the petition is not for the loss of the homestead caused by the levy ; but, rather, that a loss of the homestead was then ( at the

time of the levy ) *impending* by a threatened foreclos-
ure, and that the levy disabled relator from preventing
or avoiding the loss.    The question may be better under-
stood by an illustration.    Ordinarily if A kills B's horse,
the value of the horse is the measure of damage ; but
suppose the horse when killed is harnessed to a wagon
within reach of a wall then about to fall—and B was in
the act of driving out of the danger limit when A kills
the horse, and thereby disables B from avoiding the loss
of his wagon.    In such case A does not set in motion the
danger ; the danger is impending when he begins to act,
but he prevents B from avoiding that danger and is
liable if the action be properly brought, not only for the
loss of the horse, but for the destruction of the wagon.

But can we consider the sale of the homestead a loss of
it ?    Was the sale of it under a power given by relator
to pay his debt a loss in the sense of legal damage ?
Was the liability to sell an impending loss ?    The sale
of the homestead under a deed of trust was but the
execution of a power that relator had given when he
executed it.    Does it represent a loss or injury ?    We need
not pass on these questions for the reason that *the land
brought its full value at such sale as was conceded by
relator at the trial.*    If the proceeds of the sale were more
than the mortgage, relator would have received the
benefits of the surplus.    Where then is there any
resulting damage to relator by reason of the sale of the
homestead ?    Conceding the levy prevented relator from
raising money with which to prevent the sale, yet that
sale sacrificed nothing; it returned full value for the
thing sold.    Instruction, numbered 3, given for relator,
will illustrate the weakness of his cause in this respect.
The jury are there told that if there was a sale under
the deed of trust which could have been prevented
but for the attachment, they should assess as damages
what sum the real estate and corn thereon were actually
worth over and above the amount of the deed of trust

The State v. Springer.

under which it was sold. This leaves out of consideration the amount the property brought under the sale. If it was worth more than the deed of trust and brought more at the sale relator was entitled to it. Then why give him the same amount again as damages. But even though it had not been conceded at the trial that the land brought its full value at the sale under the deed of trust, the conceded fact that relator by his agent announced at the sale that no title would pass, and that he would sue the purchaser, was enough to prevent damage by reason of a sacrifice if any took place.

We have interpreted the petition as asserting a cause of action for causing a loss of the homestead only. Such seems to be its proper interpretation, and so it is treated by relator's counsel as disclosed by their statement of the " questions involved in the case." This being so, instruction, numbered 2, should not have been given for plaintiff. It authorized a recovery if the attachment was levied upon exempt personal property regardless of what effect such levy had as occasioning the loss of the homestead. The instruction is faulty in another respect. It asserts that it was the duty of the sheriff before levying the attachment to apprise relator of his rights under the exemption law. Such is the statutory duty of the sheriff in levying an *execution*, but not attachment. The duty is statutory and finds its warrant only by the statute, and should not be extended to cases not fairly within the terms of the statute. Under the statute of 1865 it was perhaps the official duty in either case, but the terms of the revision of 1879 limit that duty to executions. Such was the view taken by Judge THOMPSON in *State v. Mason*, 15 Mo. App. 141.

We think the circuit court of Bates county had jurisdiction under Judge SHERWOOD's dissenting opinion in *Fields v. Maloney*, 78 Mo. 172, adopted in *Stearns v. Railroad*, 94 Mo. 317.

The judgment with the concurrence of all is reversed.

ON REHEARING.

. ELLISON, J.—The declarations and announcements made by plaintiff's agent at the trustee's sale were sufficient to prevent his recovering any damage which may have accrued to him by reason of a sacrifice of the homestead caused by such declarations. In keeping or recognition of the justness of this, plaintiff at the trial, when defendants were beginning to prove such declarations, conceded that he did not claim that the land brought less than its value at the sale. This does not appear as mere clerical lapse made in transcribing the bill of exceptions. It is a distinct and emphatic disclaimer ; and, as we must accept the record as absolute verity, we cannot ignore it.

It is, however, insisted that the plaintiff is entitled to nominal damages, at least, for the alleged wrongful levy upon his homestead. Whether an officer who levies a writ of attachment upon land which is specifically and distinctly his homestead, and nothing more, is liable for the mere levy we need not say, as such is not the question before us. The case here conceded that the land attached was more than a homestead. It comprised one hundred and sixty acres of land worth at least double the statutory value of a homestead. It is true there were incumbrances shown, which, when allowed, reduced plaintiff's interest to less than the statutory value. But these were matters, conceding that they were known to the officer, with which he could not concern himself at the time of the levy of the attachment. It is true that by the provisions of sections 5436 and 5437, Revised Statutes, 1889, the sheriff has some duties to perform at the time, or perhaps after, he shall levy an execution. These sections, however, do not apply to writs of attachment, which go out long before execution, and where it is often inexpedient to enter into investiga tions and proceedings demanded by said sections. We are, therefore, of the opinion that for the mere levy of

an attachment on a homestead, in cases like the one here considered, in the absence of actual damages, nominal damages should not be allowed.

It is contended, also, that nominal damages should at least be allowed for the levy on exempt personal property, notwithstanding it may have been returned to plaintiff. The petition, however, is not based on a wrongful levy on personal property. It is true it charges a levy on such property as well as on the homestead, but these allegations are merely preliminary to a statement of what the action is for. This is not a suit in trespass. It is not for a wrongful levy and seizure of property, but it is for the loss of a homestead by a sale under a deed of trust which plaintiff was disabled from preventing by reason of these levies. The action is not bottomed on the trespass. No action is stated for the levy as such; the action is for the loss of the homestead. The case stated in the petition is this: Plaintiff had a homestead upon which he had placed an incumbrance; he also had personal property which was exempt from attachment. He would have been able to discharge the mortgage on the homestead by utilizing it and the personalty to raise funds wherewith to pay the mortgage, but for the wrongful levy made by defendant. That in consequence of the wrongful levy he was unable to utilize the property, and the mortgage was foreclosed *whereby he lost his homestead.* The grievance complained of is the loss of the homestead by a sale under the mortgage which the levy rendered him powerless to prevent, and for such loss he asks damage. Therefore, as we have seen that no damages accrued by reason of the sale of the homestead, none should be allowed for the levies.

Counsel have presented plaintiff's case to us with much force, but we are at a loss to discover a just ground for recovery on the law or the fact. Indeed, after a careful scrutiny of the evidence as it has been

laid before us, however it may be thought to exist out-side the record, we are unable to find where any wrong has been inflicted upon plaintiff. The levy of the attachment upon the personalty, if it can be so called, since it was left with plaintiff (defendant in the attach-ment), and he permitted to use it, was followed by an offer to return. Plaintiff accepted all, including corn, except what he pointedly disclaimed having an interest in, it having been either mortgaged or sold by him. The corn grown on the homestead, he stated, as was shown by some of his as well as defendant's witnesses, he had sold; it appears quite clearly from the testimony that at different times, especially when the appraisers were setting off exempt property, that he received all the per-sonalty including corn, except what he disclaimed as being either mortgaged or sold.

The judgment with the concurrence of the other judges will be reversed.