NANCY JANE MOORE, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Evidence:** SUFFICIENCY OF FOR JURY. The evidence in this case *held* sufficient to send the case to the jury.

2. **Change of Venue:** SENT TO ANOTHER CIRCUIT: JURISDICTION. An application for a change of venue was against the inhabitants of the county, and not the judge. The court sent the case to a neighboring circuit, against the exception of the defendant, who, however, appeared in the circuit court where the case was sent, and went to trial without objection; *held,* he voluntarily submitted to that court's jurisdiction and cannot after verdict raise the question of jurisdiction.

3. **Practice, Trial:** JURISDICTION: SUBJECT-MATTER: PERSON. An objection for the want of jurisdiction which is personal in its nature should be made to the court exercising the unwarranted power; otherwise there is a submission of the cause, and, if the court is clothed with authority to try such cases, the result binds.

*Appeal from the Howard Circuit Court.*—HON. THOMAS SHACKELFORD, Special Judge.

AFFIRMED.

*F. W. Lehman* and *Geo. S. Grover,* for appellant.

(1) The cause was improperly transferred from the eleventh to the second judicial circuit. Revised Statutes, 1889, sec. 2262, p. 584; *Dunklin Co. v. Clark,*

51 Mo. 60; *Clements v. Greenwell*, 40 Mo. App. 589; *Darling v. Allen*, 88 Mo. 293; *State v. Gabriel*, 88 Mo. 631; *State ex rel. v. O'Bryan*, 102 Mo. 254; *Catron v. LaFayette Co.*, 106 Mo. 659; *Railroad v. Reynolds*, 8 Kan. 623; *Coover v. Davenport*, 1 Heisk. (Tenn.) 369; *Miller v. Cabell*, 81 Ky. 178; *Baxter v. People*, 7 Ill. 558; Potter's Dwarris on Statutory Construction, 1878, p. 224, and cases cited; Bishop on Written Laws, sec. 254, *et seq.*, and cases cited; Endlich on Interpretation of Statutes, sec. 431, and cases cited; *Life Ass'n v. Assessors*, 49 Mo. 572; *Wells v. Railroad*, 19 S. W. Rep. 530; Sedgwick on Statutory and Constitutional Law, pp. 322, 347. (2) The defendant waived none of its rights in this cause by going to trial in Howard county. *Herryford v. Ins. Co.*, Mo. 148; *Stanley v. Railroad*, 62 Mo. 508; *Ins. Co. v. Dunn*, 19 Wall. 214; *Ferguson v. Davis Co.*, 51 Iowa, 220; *Pack v. Simpson*, 41 N. W. Rep. (Mich.) 850; Hawes on Jurisdiction, sec. 9, and cases cited. (3) As the verdict shows that the jury were influenced by prejudice and passion, it is the duty of this court to interfere and grant a new trial. *Spohn v. Railroad*, 87 Mo. 74; *Empey v. Cable Co.*, 45 Mo. App. 422; *State v. Glahn*, 97 Mo. 679.

*W. W. Rucker* and *Crawley & Son*, for respondent.

(1) Before the revision of 1889, changes of venue could be granted by the circuit court of one county to the circuit court of any other county in the state. *Catron v. LaFayette Co.*, 106 Mo. 659. And the only effect of that revision is to place a geographical restriction upon the range of territory within which a change of venue may be granted by the court entertaining the application, without in the least impairing the discretion always exercised by such court, as to the selection of the particular county within such territory, to which

the cause shall be sent. In this case, the application being made by defendant company, the Chariton circuit court very properly changed the venue to Howard; the latter being an adjoining county, in an adjoining circuit, and convenient to the opposite party. By so doing the Chariton circuit court simply exercised a discretion granted it by the statute; which discretion, we apprehend, is not to be clogged or controlled by the fact that the party applying expected and intended it to be exercised in a different way. Revised Statutes, 1889, sec. 2262, p. 584. (2) Even if the venue had been improperly changed from Chariton to Howard county, appellant's appearance and participation in the trial was sufficient of itself to confer jurisdiction on the circuit court of the latter county, regardless of the error of the other court in awarding such change. *Hembree v. Campbell,* 8 Mo. 572; *Powers v. Browder,* 13 Mo. 154; *Brown v. Woody, Adm'r,* 64 Mo. 547; *Chouteau v. Allen,* 70 Mo. 290; dissenting opinion by SHERWOOD, J., in *Fields v. Maloney,* 78 Mo. *loc. cit.* 179; *Abernathy v. Moore,* 83 Mo. 65; *Stearnes v. Railroad,* 94 Mo. *loc. cit.* 322, where the dissenting opinion in the *Fields case, supra,* is adopted by the full bench; *Organ Co. v. Petitt,* 34 Mo. App. 536. (3) The verdict does not show passion or prejudice. *Gurley v. Railroad,* 104 Mo. 211; *Hanlon v. Railroad,* 104 Mo. 381; *Gutridge v. Railroad,* 105 Mo. 520; *O'Connell v. Railroad,* 106 Mo. 482; *Willmott v. Railroad,* 106 Mo. 535; *Polhans v. Railroad,* 45 Mo. App. 153; *McCartney v. Ins. Co.,* 45 Mo. App. 373; *Duggan v. Railroad,* 46 Mo. App. 266; *Adler v. Wagner,* 47 Mo. App. 25.

ELLISON, J.—Plaintiff sues for personal injuries alleged to have been received while attempting to board a train of defendant's cars at the town of Keytesville, Chariton county. She obtained a verdict.

Defendant made application for a change of venue from Chariton county, alleging the prejudice of the inhabitants of that county, but making no objection to the judge of that circuit. The court nevertheless sent the case, against defendant's exception, to Howard county which is in an adjoining circuit. This action of the court, and the contention that the verdict is not supported by the evidence, are the two points made against the judgment of the trial court.

Under the latter point we have examined the testimony as presented by both parties, and have no difficulty in concluding that such evidence made out a case for the jury. This is so apparent from a consideration of the whole testimony that we do not deem it necessary to enter upon a discussion as to its relative force.

II. The change of venue was granted under the provisions of sections 2258 and 2262, Revised Statutes, 1889. Counsel have furnished us with an elaborate brief and argument against the power of the court in which the case originated to send the case out of that circuit when no complaint had been made against the judge of such circuit, the complaint being only against one county. We are relieved of the necessity of deciding the question, from the fact that the defendant appeared in the Howard county circuit court, and went to trial without objection in said court. That court had jurisdiction of the class of cases to which the one at bar belongs, and was capable of getting jurisdiction of the defendant by its voluntary appearance. No plea or other objection was made to the jurisdiction of the Howard circuit court. There was a voluntary submission to such jurisdiction. It must, therefore, follow, under the cases of *Fields v. Maloney*, 78 Mo. 179, per SHERWOOD and NORTON, JJ., and *Stearnes v. Railroad*, 94 Mo. 317, that the point made cannot avail defendant. The same statute provides that there can be but

one change of venue allowed to a party; yet in *State ex rel. v. Springer*, 45 Mo. App. 252, where a party appeared and went to trial without objecting to the jurisdiction in a court to which the case had gone on a second change of venue, he waived the question.

III.    As before stated, defendant objected in the Chariton circuit court to the case being sent to Howard county, and saved exceptions in that court to the change.  But an objection for the want of jurisdiction, not of the subject-matter or of such class of cases, but which is personal in its nature, should be made to the court which is exercising the unwarranted power; otherwise there is a voluntary submission of the cause to a court clothed with authority to try such cases, and the result must be held to be binding on the party thus submitting.

We have been cited to a number of cases said to be contrary to the foregoing.  An examination of them satisfies us that they are not.  They are chiefly cases where a party went to trial in a state court, after having his application for removal to the federal court overruled.  The holding being that, after the application was duly made all authority and jurisdiction over such cause ceased, and its further action was *coram non judice*.

The result is that the judgment should be affirmed. All concur.