MAMIE COLE, Respondent, v. SIDNEY T. COLE, Appellant.

### St. Louis Court of Appeals, May 7, 1901.

1. **Divorce:** CUSTODY OF CHILD: MOTION TO MODIFY DECREE AND CHANGE ITS CUSTODY. No motion or petition will lie to review the original decree of divorce with respect to the custody of a minor child or children.

2. ———: ———: ———: PETITION TO REVIEW. Petitions or bills of review for new matter, according to the chancery practice, refer exclusively to matter which was in existence when the decree was rendered, but was not then known to the party petitioning.

3. ———: ———: ———: MOTION TO MODIFY CAN NOT BE ENTERTAINED. This proceeding can not, therefore, be entertained as either statutory or equitable, for a review of the judgment and relief granted thereunder.

4. ———: ———: ———: FINAL DECREE, MODIFIED. Decrees, and orders, concerning the custody of minor children, may be made pending the suit, and the final decree may be modified in that respect from time to time as circumstances require, and this is only by authority of the statute.

5. ———: ———: CHANGE OF VENUE. The right of change of venue is purely statutory, and does not exist except in those instances where the statute gives them.

6. ———:- ———: ———: ALTERATION OF DECREE OF DIVORCE. A motion or petition to alter or modify a decree of divorce concerning the custody of a minor child, is a continuation of the original suit, and hence, a change of venue was inadmissible.

7. ———: ———: CHANGE OF VENUE: WANT OF JURISDICTION. The Wright Circuit Court being the court to which the change of venue was granted, acquired no jurisdiction over the subject-matter, for the reason that the venue of the action was not changeable, and its orders and judgments in respect thereto were *coram non judice.*

Cole v. Cole.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge

DISMISSED.

### STATEMENT OF THE CASE.

Mamie Cole was granted a divorce from Sidney Cole during the November, 1898, term of the circuit court of Texas county. The suit was brought by common process and heard on the plaintiff's petition and the defendant's answer and cross-bill. The decree awarded the custody of Ethel May Cole, minor daughter of the parties, to her mother. These facts we gather from the pleadings in the present proceeding. The decree itself is not contained in the record and we are left ignorant whether the child was given permanently or temporarily to the mother, and whether the court reserved the right to make further orders touching her future care. In March, 1900, the defendant, Sidney Cole, filed a pleading, which is denominated a petition for a review of the judgment, and may, on the face of it, be treated either as such or as a motion to have it modified. The relief desired is that the daughter be taken from the mother's custody and entrusted to the defendant's. Various reasons for this course are stated. Among others, that the mother keeps the child, and has kept her since the divorce was granted, in the midst of low associations and demoralizing influences; that she is an unsuitable person to have charge of a girl, neglects her, does not look after her education, nor teach her refinement. The character of the mother was put in issue in the divorce case and is not new matter. It is also stated that the father is able to and will give her a pleasant home with excellent people, and see that she has educational advantages. The plaintiff married a man named Bowen after ob-

Cole v. Cole.

taining her divorce. She now resides in Joplin. It seems that the defendant has the child at present, having obtained her by a writ of *habeas corpus*. Much evidence was introduced about the character of the father and mother, which we do not think it would be to the interest of themselves or their child to rehearse. If the witnesses for the respective parties tell the truth, either is fit to raise the child; if the witnesses against them tell it, neither is. After the motion or petition was filed in the Texas Circuit Court, the defendant, who was the petitioner, applied for a change of venue, which was granted, and the case sent to the circuit court of Wright county, where judgment was entered awarding the mother the custody, but with the privilege to the father to visit it and have it with him twice a year.

*F. M. Mansfield* for appellant.

(1) By her remarriage she has forfeited the right acquired by the decree of divorce to the custody of the child. A mother who has remarried has no primary right to the custody of her children by a former marriage, and the courts will not award her the custody of such children, when, as in this case, the effect will be to take the care and custody of Ethel May from a fond and loving father and commit her control and destiny to one of those doubtful and unknown quantities—a stepfather. Hennessy v. Brewing Co , 63 Ill. App. —; Whitehead v. Railroad, 22 Mo. App. 60; In re Goodenaugh, 19 Wis. 274; Hollingworth v. Swedenborg, 49 Ind. 378; State v. Scott, 30 N. H. 274; Spears v. Snell, 74 N. Car 210; R. S. 1899, sec. 3491, p. 870; Car v. Spannagel, 4 Mo. App. 284. (2) There was abundant evidence tending to show that there was a criminal intimacy between plaintiff and one Val Randall, and that such intimacy was the cause of the separation

of her and husband. And although Randall was a competent witness and within the jurisdiction of the court, plaintiff failed to produce him as a witness to testify in her behalf. This of itself is a strong circumstance tending to show her guilty of the charge. Baldwin v Whitcomb, 71 Mo. 651; Henderson v. Henderson, 55 Mo. 534; Mobany v. McClurg, 74 Mo. 575; Bent v. Lewis, 88 Mo. 462.

GOODE, J.—If this proceeding is treated as a petition for a review of the original judgment of decree of divorce in respect to the custody of the minor child, it will not lie. Section 2932, Revised Statutes 1899, is a restriction of the right to have a judgment reviewed given by section 777 et seq., by making it inapplicable to judgments for divorce. That section was enacted on account of the decision in Smith v Smith, 20 Mo. 166. The chancery act in the statutes of 1845 conferred on the circuit court jurisdiction as a court of chancery in cases of divorce, alimony or maintenance and provided that like process and proceedings should be had in those cases as in others on its equity side. That act contained provisions for a petition for review similar to those now found in our practice code. It was ruled in Smith v. Smith that a defendant in a divorce suit who had neither been summoned nor appeared, merely notified by publication, might have the decree reviewed and set aside by taking the statutory steps. This was found to be impolitic, because divorced parties often remarried soon and were liable to be embarrassed by having the decrees which freed them subsequently annulled. Section 2932 was passed to prevent such results. Cases construing it so hold, and make it clear, that the petition for review intended, is the same as that allowed by section 777, or at least includes and bars the latter, as well as purely equitable bills for review based on fraud. Salisbury v. Salisbury, 92 Mo. 683; Childs v. Childs,

11 Mo. App 395; Nave v. Nave, 28 Mo. App. 505. Bills of review for new matter, according to the chancery practice, refer exclusively to matter which was in existence when the decree was rendered but not then known to the party applying. 2 Daniels Ch. Prac. (6 Ed.), p. 1576, note; Bledsoe v. Carr, 10 Yerg. 55; Winchester v. Winchester, 1 Head (Tenn.), 460; United States v. Samperyac, 1 Hemp. 118; Bush v. Madeira, 14 B Mon. 212. It is not claimed, in the present instance, that the judgment in favor of the plaintiff was procured by fraud, hence, the proceeding is not strictly a bill of review in equity nor in the nature of one. The statutory proceeding for review lies in no case except where jurisdiction was acquired by constructive service. If the defendant was summoned or appeared, the remedy is not available to him, as its only purpose is to afford an opportunity to a party to make his defense who was prevented from making it in the first instance, because he had no knowledge of the suit. Hyatt v. Wolfe, 22 Mo. App. 191; Campbell v. Garton, 29 Mo. 343; Tennison v. Tennison, 49 Mo. 110; State ex rel. v. Scott, 104 Mo. 26 This proceeding can not, therefore, be entertained as either a statutory or equitable petition for a review of the judgment and relief granted thereunder.

The learning on the subject of the power of a court to modify its decree in divorce suits after the term at which they were rendered is cloudy. The right to make changes depends largely on statutory provisions. 2 Bishop on Marriage and Divorce, secs. 1187, 1188, and notes. By a severely logical interpretaton of section 2926, Revised Statutes 1899, which empowers the court to decree concerning alimony and the custody of the children, and then further empowers it to alter its decree concerning the alimony, but fails to confer the same authority in regard to the custody of the children, it would seem that the latter was exempt from subsequent interference

Cole v. Cole.

or change. But the contrary doctrine was adopted in In re Gladys Morgan, 117 Mo. 249, where it was held the courts have power to make orders concerning their custody while the suit is pending and said that the final decree may be modified in that respect, from time to time, as circumstances require. Authorities differ as to whether this power exists in the absence of a statute, or some reservation in the decree itself. If it does exist, and the law seems to be that way in this State, it must be found in the ancient procedure of the chancery courts in exercising their jurisdiction over minors.

The question arises, whether a change of venue is permissible on such subsequent motion for a modification of the decree? This is to be answered by ascertaining whether the motion can be considered a new suit, because changes of venue may only be awarded in suits. R. S. 1899, sec. 818. The right to a change of venue is purely statutory and does not exist except in those instances where the statute gives them. State ex rel. v. Wofford, 119 Mo. 408. If the proceeding for an alteration of the decree in divorce cases, concerning the custody of the children, is a continuation of the original action, there can be no change of venue allowed. Sutton v. Cole, 155 Mo. 206. That it is a continuation, we have no doubt. It is said to be analogous to that concerning alimony (In re Gladys Morgan, supra), and it would hardly be contended that a subsequent motion to have the decree for alimony modified, is a new suit. Relief of this kind is granted exclusively for circumstances which arise afterwards, showing that the welfare of the child demands a new custodian. Deidensheimer v. Deidensheimer, 74 Mo. App. 234; Wilde v. Wilde, 36 Ia. 319; Dubois v. Johnson, 96 Ind. 6; Semrow v. Semrow, 23 Minn. 314; Peterson v. Thomas, 28 Ohio St. 596.

All proceedings of an ancillary character, and designed to effectuate or change a decree already entered, are commonly

regarded as part of and incidental to the original suit. In Oglesby v. Antrill, 12 Fed. 227, the court held a bill for a new trial in an action at law on account of frauds practiced and perjuries committed by the plaintiff and his witnesses at the trial, is not a new suit in such sense that service must be obtained on the party proceeded against, notice to his attorney in the original action being sufficient. That case is instructive on the subject of what is a fresh suit and what not. See, also, Ward v. Sibring, 4 Wash. C C. 472.

We conclude that the motion or petition in the present case, for an alteration of the judgment in favor of the plaintiff, was not a new suit and that a change of venue was inadmissible. The circuit court of Texas county had no power to make the order awarding it, said order was void and left the motion where it was. Therein, the matter differs from State v. Porter, 5 Mo. 538; Squires v. Chillicothe, 89 Mo. 226; Stearns v. Railway Co., 94 Mo. 317; Moore v. Railway Co., 51 Mo. App. 504, and Hardware Co. v. Riddle, 84 Mo. App. 275. All those cases were suits, in which the court awarding the change irregularly, had the statutory right to make such an award, which was, therefore, not void. Parties can not, by their act, change the venue of a proceeding for which the statute contains no warrant; nor can the court where it was instituted usurp authority to make an order to that effect, which will become lawful if acted on, any more than any other wholly unwarranted act can be thus validated. No case has ever held such an act gives jurisdiction. This being true, the circuit court of Wright county acquired no jurisdiction over the subject-matter of the action because the venue thereof was not changeable. The proceedings in that court were *coram non judice*. We are strengthened in this view because it was adopted in a precisely similar matter by the Supreme Court of Wisconsin. Bacon v. Bacon, 34 Wis. 594; Hopkins v. Hop-

kins, 40 Wis. 462. We hold that the judgment of the circuit court of Wright county is a nullity and dismiss the appeal therefrom. All concur.