THE STATE OF MISSOURI ex rel. A. J. KING, Prosecuting Attorney, Respondent, v. THE COUNTY COURT OF VERNON COUNTY, Appellant.

**Kansas City Court of Appeals, May 25, 1903.**

Certiorari: CHANGE OF VENUE: COUNTY COURT. Where the circuit court issues a writ of certiorari to the county court to send up its record in a proceeding had before it, the county court or its members have no interest whatever in the proceeding in the circuit court, and are not entitled to a change of venue.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

A party has the right to a change of venue in special civil suits the same as in an ordinary civil suit. State v. Price, 38 Mo. 382; State ex rel. v. Hollenbeck, 68 Mo. App. 366; State v. Railroad, 113 Mo. 458; Mainson v. Coleman, 86 Mo. App. 18.

*A. J. King* for respondent.

(1) No notice was given, and therefore the circuit court was right in refusing a change of venue. R. S. 1899, sec. 822. And this notice is an indispensable prerequisite. Johnson v. Moffitt, 19 Mo. App. 159; Summers v. Ins. Co., 45 Mo. App. 46. (2) No change of venue is allowable in this sort of a proceeding. The right to a change of venue is purely statutory, and has no existence outside of the special grant of power awarding it. State v. Wofford, 119 Mo. 408; Sutton v. Cole, 73 Mo. App. 518; s. c., 155 Mo. 206; State v. Dowling, 50 Mo. 134.

ELLISON, J.—W. P. Sailor began proceedings in the county court of Vernon county to obtain a dramshop license. The court granted the license. Whereupon, the prosecuting attorney of such county obtained a writ of certiorari from the circuit court directed to said county court commanding them to send up the record and proceedings in the matter relating to such application and license. The members of the county court appeared in the circuit court and made application in due form for a change of venue. The application was denied. The judges then made a return of the record and proceedings of the county court. The circuit court upon a hearing of the matter quashed the license.

The sole question presented is, whether error was committed in denying the change of venue. We have not been able to discover a reason why the county judges have any right to change of venue on a writ of certiorari directing the removal to the circuit court of a proceeding in a cause which has been pending before them as a county court. They have no interest in the matter. It is a mere transferring of records in a cause from an inferior to a superior court to the end that the latter may exercise a lawful jurisdiction which can in no manner affect the rights of the persons composing the personnel of the inferior court. The members of the court are not called upon to defend themselves. State ex rel. v. Dowling, 50 Mo. 134. If a circuit court should issue a writ of certiorari to a justice of the peace, or to a judge of a criminal court in some cause or proceeding in such courts, could it be thought that the justice, or the judge, would have a right to a change of venue? The parties to the action in such courts have such rights in proper cases, but we can not see how it concerns the court, or its membership.

The judgment is affirmed. All concur.