State ex rel. v. Denton.

THE STATE OF MISSOURI at the relation of JOHN N. BIXMAN, Relator, v. HON. CHARLES A. DENTON, Judge, etc., Respondent.

**Kansas City Court of Appeals, January 27, 1908.**

1. **CERTIORARI: Civil Action: Statute.** Certiorari under the statutes and decisions of Missouri is a civil suit where it involves and finally determines private rights.

2. ———: ———: **Change of Venue: Statute.** Change of venue is purely statutory and the statute must be strictly construed and may be resorted to in certiorari proceedings.

3. ———: ———: **Parties: Dramshops.** In a proceeding by certiorari in the circuit court to bring up for review the record of the county court granting a dramshop license, the dramshop keeper is a proper party, since his private rights are involved and may be finally determined in that proceeding.

4. **PROHIBITION: Right of Appeal: Adequate Remedy: Dramshops.** The right of appeal will not prevent the issuing of a writ of prohibition where such remedy is inadequate or not sufficiently speedy as where the appeal would not stay the effect of the judgment appealed from and would prevent a dramshop keeper continuing his business pending the appeal.

Original Proceeding by Prohibition.

WRIT DENIED.

*Dickinson & Son, J. D. Lindsay, C. A. Calvird* and *Parks & Son* for relator.

(1) A *certiorari* proceeding is a civil suit within the meaning of section 818, Revised Statutes 1899. Woods v. Eckerle, 95 Mo. App. 384; Weston v. Charleston, 2 Peters 464; Kohl v. United States, 91 U. S. 367; Upshur Co. v. Rich, 135 U. S. 467; McCullough v. Large, 20 Feb. 309; Hendrix v. Kellogg, 32 Ga. 435, 437. (2) The word "suit," comprehends not only actions at law, but every judicial proceeding for the enforcement of a right. Bouvier's Law Dictionary; Weston v. Charleston, 2 Peters 474; Ex parte Long, 108 U. S. 556; Haines v. Jamison, 39 U. S. 540; Roodhouse v. Briggs, 194 Ill.

435; McMann v. People, 50 Ill. 507; McCullough v. Large, 20 Fed. 309; State ex rel. v. Riley, 203 Mo. 175, 101 S. W. 567; R. S. 1899, sec. 1554. (3) The right to review the action of the circuit court in *certiorari* proceedings by appeal has never been questioned in this State and the action of the trial court has been reviewed by appeal, without question, in the following cases: State ex rel. v. Barker, 170 Mo. 383; State ex rel. v. Barker, 170 Mo. 394; State ex rel. v. Fraker, 168 Mo. 445; Ward v. Board of Equalization, 135 Mo. 309; State ex rel. v. Springer, 134 Mo. 212; State ex rel v. Kansas City, 89 Mo. 34; State ex rel. v. Police Com., 88 Mo. 144; State ex rel. v. Court, 80 Mo. 500; State ex rel. v. Powers, 68 Mo. 320; State ex rel. v. Court, 67 Mo. 522; Britton v. Stebers, 62 Mo. 370; State ex rel. v. Dowling, 50 Mo. 134; Rogers v. Court, 60 Mo. 101; State ex rel. v. Court, 47 Mo. 594; Hill v. Young, 3 Mo. 337; State ex rel. v. Court, 100 Mo. App. 479; State ex rel. v. Jackson, 93 Mo. App. 516; State ex rel. v. Moore, 84 Mo. App. 11; State ex rel. McDavid, 84 Mo. App. 47; State ex rel. v. Williams, 70 Mo. App. 238; State ex rel. v. Walbridge, 62 Mo. App. 162; State ex rel. v. Schneider, 47 Mo. App. 669; Moore v. Bailey, 8 Mo. App. 156. The right of appeal from the final judgment of the circuit court exists in proceedings in *certiorari*. State ex rel. v. Springer, 134 Mo. 212; Hill v. Young, 3 Mo. 337; Board of Supervisors v. Magoon, 109 Ill. 142; Hyslop v. Finch, 99 Ill. 171; School Trustees v. School Directors, 88 Ill. 100; Morley v. Elkins, 37 Cal. 456; Swann v. Cumberland, 8 Gill (Md.) 150; Welch v. Wetzel Co., 26 West Va. 63; Edgerton v. Green Cove Springs, 18 Fla. 528; Dean v. Wilcoxen, 18 Fla. 531; Lowndes Co. Coms. v. Barrie, 34 Ala. 461; Robens v. Videto, 22 Mich. 240; Meade v. Steame Co., 43 Minn. 312; Johnson v. Hanna, 1 Wright (Ohio) 138; Lawson v. Scott, 1 Yerg. 92; 2 Spelling on Extr. Rem.

128 App.—20

sec. 2056.    (4)   Where the inferior court has jurisdiction of the *certiorari* proceedings, its action in such proceedings cannot be reviewed by a writ of *certiorari* from the higher court.    Such action can be reviewed only on appeal or writ of error.    *Certiorari* to *certiorari* does not exist where the inferior court has jurisdiction of such *certiorari* proceedings.    State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Smith, 173 Mo. 398; State ex rel. v. Barker, 170 Mo. 390; Edgerton v. Greene Cove Springs, 18 Fla. 523; R. S. 1899, secs. 806, 1554; Snoddy v. Pettis County, 45 Mo. 361; State v. Vaughan, 83 Mo. App. 457; Kreyling v. O'Reilly, 95 Mo. App. 561; Railroad v. Powell, 104 Mo. App. 362.    (5)   The right to a change of venue exists in any civil suit.    R. S. 1899, secs. 818, 819; State ex rel. v. Riley, 203 Mo. 175, 101 S. W. 567.   It may be taken by any party in interest in *certiorari* proceedings.    State ex rel. v. Court, 100 Mo. App. 479.    (6)   The writ of *certiorari* except in the cases specifically, provided by statute, is in the nature of a writ of error with this difference that it brings up only the record of the inferior tribunal for inspection, and the trial upon it, is a trial of questions jurisdictional in their nature and not a trial *de novo* except of such matters affecting the jurisdiction of the court. State v. Schneider, 47 Mo. App. 675; Adams v. Block, 63 N. J. Law 508, 44 Atl. 208; McAloon v. License Com., 22 R. I. 191, 46 Atl. 191; Ewing v. Hollister, 7 Ohio 140; Bridge Co. v. Magoon, 8 Me. 292; Levant v. Co. Com'rs, 67 Me. 429.    (7)   *Certiorari* is in the nature of an appeal from the judgment and judicial determination of inferior tribunals and officers acting under statutory authority, or when the proceeding is not according to the common law.    People v. Walter, 68 N. Y. 403; Stone v. New York, 25 Wend. 157; People v. Walter, 2 Hill. 9; Lande v. Noble, 20 Johns. 80; Ex parte City of Albany, 23 Wend. 277; Hamilton v. Spiers, 2 Utah 225.    (8)   Persons who are parties to the rec-

ord sought to be annulled, or who are interested in maintaining the regularity of the proceedings of which a review is sought, should be made parties defendant. 4 Encl. Pl. and Pr., 183 and authorities cited; 2 Spelling on Extr. Rem., 1977; 6 Cyc., 775; Com. v. Peters, 3 Mass. 229; Cornell v. Chandler, 11 Tex. 249.    (9)    While the officer or tribunal having custody of the record is often made a party defendant, it is not to be understood that he or it is always or even generally a necessary party and where *certiorari* is prosecuted in aid of an ejectment suit, the present owner should be a party to it, otherwise he cannot be bound by the proceeding, and *certiorari* in aid of habeas corpus should be directed to the officer having the prisoner in custody.    2 Spelling on Extr. Rem., 1984, 1988; Black v. Town of Brinkley, 15 S. W. 1030; Sammerman v. Borough of Wildwood (N. J.), 40 Atl. 1132; Com. v. Borough of Wildwood, 38 Atl. 22, 60 N. J. Law 365; State v. Washoe Co. Comrs., 23 Nev. 247, 45 Pac. 529; Griscom v. Gilmore, 15 N. J. Law (3 J. S. Green) 475; Connell v. Chandler, 11 Tex. 249; McFall v. Dover, 57 Atl. (N. J.) 136. (10) The fact that an appeal will lie in the proceeding sought to be restrained is not ground for denying the writ of prohibition, where the remedy by appeal is inadequate or not sufficiently speedy.    State ex rel. v. Allen, 45 Mo. App. 557; State ex rel. v. Fort, 107 Mo. App. 328; State ex rel. v. Guinnotte, 156 Mo. 513; State ex rel. v. Eby, 170 Mo. 497.    (11)    An appeal from a judgment of the circuit court annulling the license and the proceedings under which it was issued, does not operate as a *supersedeas*.    State ex rel. v. Barnett, 110 Mo. App. 557, and authorities cited.

*John A. Gilbreath* for respondent.

(1)    A county court or the justices thereof, where the circuit court issues a writ of *certiorari,* to the county court are not entitled, under the law, to a change of

venue.   State ex rel. v. County Court, 100 Mo. App. 480;
Squires v. Chillicothe, 89 Mo. 232; Levin v. Dills,
17 Mo. 64; Huthsing v. Maus, 36 Mo. 101; Norvell v.
Porter, 62 Mo. 312; Ewing v. Brooks, 69 Mo. 49; Fields
v. Maloney, 78 Mo. 175.    (2)   The right to a change of
venue is purely statutory and exists only in those in-
stances where statute confers such right.    Cole v. Cole,
89 Mo. App. 228; Cottrell v. Wofford, 119 Mo. 408; State
ex rel. v. Woodson, 86 Mo. App. 253; State v. Headrick,
149 Mo. 403.    (3)   The term "civil suit" only applies
to any civil action within the meaning of the code of
practice even in its broadest sense, between private par-
ties for private rights.    State ex rel. v. Riley, 203 Mo.
175; Walker v. Ellis, 146 Mo. 327, 331, 332; Morris v.
Lane, 44 Mo. App. 1.    (4)   We have no statute in this
State regulating the practice on proceedings by *cer-
tiorari,* and are to look to the common law for a guide
in such cases.    Railroad v. State Board, 64 Mo. 308,
117 Mass. 564, 28 Wis. 271, 36 Iowa 15; State ex rel. v.
Bennett, 102 Mo. App. 248; State v. Schneider, 47 Mo.
App. 675; State ex rel. v. Patton, 108 Mo. 31; State ex
rel. v. Dowling, 50 Mo. 134; State ex rel. v. Williams, 70
Mo. App. 242; State ex rel. v. Powers, 68 Mo. 323.    (5)
Writ of prohibition is not writ of right.    It is a writ,
the award of which is to be governed by the discretion
of the court applied to the facts presented by the in-
dividual case.    State ex rel. v. Levens, 32 Mo. App. 520,
and cases cited; State ex rel. v. Seay, 23 Mo. App. 629,
and cases cited; Davison v. Hough, 165 Mo. l. c. 575;
State ex rel. v. Riley, 203 Mo. 175.    (6)   Motion for
judgment on the return in proceedings on an applica-
tion for a writ of prohibition must be taken to admit
all facts well pleaded in the return.    State ex rel. v.
Elkin, 130 Mo. 90; Wand v. Ryan, 166 Mo. 646.    (7)
The county justices can appeal in *certiorari,* and the
following cases are taken to the higher courts in *certior-*

*ari* on appeal.    State ex rel. v. Campbell, 37 Mo. App. 338; State ex rel. v. County Court, 47 Mo. App. 647; State ex rel. v. Moore, 84 Mo. App. 11.    (8) An application for a change of venue by "a nominal party" and not a party known to the writ of *certiorari* but a mere volunteer—an interloper—a mere friend to the county court in the proceeding is not entitled to a change. Buchan v. Brodwell, 88 Mo. 34.

BROADDUS, P. J.—As there is no controversy about the status of the case we adopt the statement, so far as is pertinent, as we find it in the record made by relator.

"The relator, John N. Bixman, is a dramshop keeper in the city of Clinton, under a license issued to him in July, 1907, and expiring in January, 1908, under order and proceeding of the county court of Henry county, Missouri, granting him such license at its July term, 1907.    The respondent is the judge of the Twenty-ninth Judicial Circuit, and as such judge of the circuit court of Henry county, Missouri.

"On the 21st day of June, 1907, the relator, Bixman, who was then and for many years had been a dramshop keeper in the city of Clinton, Missouri, filed in the office of the clerk of the county court of Henry county, Missouri, his petition and application in due form for dramshop license, for presentation to the said county court at its next term, which convened on Monday, the 1st day of July, 1907."

"On Monday, July 1, 1907, the county court met to hold its July term, but was unable to hear the contests over the granting of saloon licenses on that day and set over the hearing of the application until the next day, Tuesday, July 2, 1907, on which day the petition and application of relator, which had been on file since June 21, 1907, when they were filed with the clerk,

were presented to the county court.    There was a contest, both petitioners and remonstrators appearing in person and by counsel and upon such hearing the county court on Tuesday, July 2, 1907, made an order granting license to relator to keep a dramshop for six months.

"The court approved the bond and levied the ad valorem county and State license tax under provisions of section 2996, Revised Statutes 1899, all of which were paid by relator, who received his license and is operating a saloon under such license.

"At the regular September term, 1907, of the circuit court of Henry county, Missouri, H. P. Faris, a resident and real estate owner of the city of Clinton, Missouri, presented his petition for a writ of *certiorari,* being entitled:

"The State of Missouri, at the relation of H. P. Faris, Relator, v. T. W. Ogg, M. L. Amick and John Harrison, as justices of the county court of Henry county, Missouri, Respondents.

"To this application and petition, the justices of the county court demurred on the ground that the dramshop keeper, John N. Bixman, was a necessary party and the real party in interest.

"This demurrer being overruled, the respondents filed motion to make said Bixman a party and that he be notified of said proceedings for the reason that he was the real party in interest.

"The court sustained this motion and ordered a writ of *certiorari* returnable on the 18th day of November, 1907.

"On November 18, 1907, the county judges made their return to the writ, and the said Bixman, having been duly served with notice, appeared and filed his application for a change of venue and notice in due form.

"Thereupon, the relator therein, H. P. Faris, filed his motion to the court to refuse to grant a change of

venue upon the ground that the right of the change of venue does not exist in *certiorari* proceedings, and that the court had no power to grant a change.

"The circuit court sustained this motion and overruled the application for a change of venue. The circuit court then set the *certiorari* proceedings down for trial on November 22, 1907, and would have tried the cause on that date but for the provisional writ of prohibition issued and served on respondent in this cause on November 21, 1907.

"The contentions on the part of the respondent in this cause, as well as of the relator, Faris, in the *certiorari* proceedings, are as follows:

"(I)    The right to a change of venue does not exist in *certiorari* proceedings at all and that *certiorari* proceedings are not a civil suit within the meaning of section 818, Revised Statutes 1899.

"(II)    Relator Bixman is not a party to the *certiorari* proceedings and has no standing in said cause, and therefore no right to a change of venue.

"(III)    That the error, if any, in overruling the application for a change of venue, can be corrected on appeal or writ of error, and therefore the relator is not entitled to the remedy by writ of prohibition."

We shall not attempt to consider the argument of the parties except with reference to the right of defendant to a change of venue and the necessity for the writ. A right to a change of venue is denied to exist in a *certiorari* proceeding on the alleged ground that it is not a civil proceeding within the meaning of section 818, Revised Statutes 1899.    The language of said section so far as necessary for the purpose of the case reads as follows:    "In what cases a change of venue may be awarded.    A change of venue may be awarded in any civil suit to any court of record for the following causes: . . . . . ."

On petition to review a decree in a case of divorce,

the court held that the statute did not authorize a change of venue. [Cole v. Cole, 89 Mo. App. 228.] The court based its ruling on the theory that it was but a continuation of the original action. That: "All proceeding of an ancillary character, and designed to effectuate or change a decree already entered are commonly regarded as part of, and incidental to the original suit." "The right to a change of venue is purely statutory and has no existence outside of the special grant of power." [State ex rel. v. Wofford, 119 Mo. 408.] That was a case where application had been made for a change of venue from Jackson county, a county containing more than one hundred thousand inhabitants to some county outside of the circuit in which it was pending; the statute not providing for such a change under such a circumstance. "An application for a change of venue can only disqualify the judge before whom the case is pending." [State ex rel. v. Woodson, 86 Mo. App. 253.] It was there sought to disqualify judges of other circuits. This the statute did not authorize. There are other cases of similar import. The respondent cites these cases for the purpose of showing that the right to a change of venue is purely statutory to be strictly construed, and as an argument against relator's right to the remedy. We agree with him that the statute is to be strictly construed, but do not consider the cases referred to as pertinent to the question involved, as they pertain to the causes and not to the character of the cases to which the statute applies.

The right under the statute is given in any civil suit. The phrase "civil suit and civil case," refer to the legal means or proceedings by which the rights and remedies of private individuals are enforced or protected in contradistinction to the words criminal case, which refer to public wrongs and their punishment." [State ex rel. v. Riley, 203 Mo. 175.] This definition was applied to a proceeding under the statute for the incor-

poration of a drainage district, and it was held that it
was a civil suit "by which private rights are protected,
enforced, or their violation redressed." The proceed-
ing to which the *certiorari* was addressed involved the
right of the relator to a license to sell liquor as a dram-
shop keeper, and as such was a private right if the law
had been complied with by the county court in grant-
ing such license, and the proceeding was a civil suit
within the foregoing definition. It is useless to mul-
tiply authorities as it seems to us there can be no ques-
tion but what the right to the remedy exists in cases
of this kind.

But it is contended that the relator was not a party
or rather a proper party to the *certiorari* proceedings.
It has been held that the judges of the county court in
such cases are not entitled to a change of venue, because
they have no interest in the matter. They are not called
upon to defend themselves. [State ex rel. v. County
Court, 100 Mo. App. 479.] We suppose it was for this
reason that the county judges in their return to the writ
of *certiorari* demurred on the ground that Bixman, the
relator here, was not made a party, to the proceedings
and that afterwards when their demurrer was overruled
they filed a motion to have him made such a party. He
was adjudged by the court as a necessary party, noti-
fied of the proceedings and filed his return with that
of the county judges. The relator was the only per-
son who had any rights involved save that of the pub-
lic which was represented by Faris the petitioner for
the writ therein. He was properly made a party by
reason of his interest and by the further reason that
whatever adjudication should be made in the case, would
finally determine his right to a license. We say finally
for if he was not allowed to defend he could not appeal.
It is true the judges of the county court could appeal
from whatever judgment the court might render, but

as they had no interest in the matter it is not probable they would have done so.

Because the right of appeal will lie is not a ground for denying the writ of prohibition, where the remedy by appeal is inadequate or not sufficiently speedy. [State ex rel. v. Allen, 45 Mo. App. 557; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Fort, 107 Mo. App. 328.] If the judgment of the court, to be rendered, should be against the relator's right to a license, an appeal would not operate to stay its effect and he would not be authorized to continue his business during the pending of such appeal. In such a case an appeal would be inadequate.

It is not denied that the grounds assigned by relator in his application for a change of venue are sufficient, if he be a proper party and one authorized in cases of this kind.

Much has been said in the briefs and arguments of counsel, that we deem it unnecessary to discuss. And questions are raised as to the merits of the case which we think are foreign to the actual issues. We have in what has been said restricted ourselves to the sole question of relator's right to a change of venue, mindful of the fact that the merits of the case are for adjudication by the circuit court.

We hold that the respondent's return to the writ is insufficient and adjudge the change of venue be awarded as prayed for. All concur.