**STATE ex rel. Gordon LANE, Relator,**

v.

**James C. KIRKPATRICK, in his capacity as Secretary of State of Missouri, Respondent,**

**Louis W. Krings, Intervenor-Appellant.**

No. 57182.

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

Morris, King, Stamper & Bold, Lawrence R. Bold, Donald H. Loudon, Kansas City, and McCormick V. Wilson, Jefferson City, for relator-respondent.

Louis W. Krings, Kansas City, for appellant.

HOLMAN, Presiding Judge.

This mandamus action was filed by Lawrence R. Bold as relator against James C. Kirkpatrick as Secretary of State to compel certain action relating to a proposed corporate name. Thereafter, Bold's client, Gordon Lane, was substituted as relator. The circuit court issued the alternative writ and Louis W. Krings was permitted to intervene. A trial resulted in the issuance of a peremptory writ. The intervenor has appealed. We have jurisdiction because a state officer is a party and the appeal was taken prior to January 1, 1972, the effective date of new Article V, Section 3, of the Missouri Constitution, V.A. M.S. We affirm.

The ultimate question to be decided is: Which of two applicants, Lane or Krings, is entitled to a reservation of the corporate name "Metro Blueprint Company." The applicable statutory provision is § 351.115 RSMo 1969, V.A.M.S., which reads, in part, as follows:

> "1. The exclusive right to the use of a corporate name may be reserved by:
>
> (1) Any person intending to organize a corporation under this chapter;
> * * *
>
> "2. Such reservation shall be made by filing in the office of the secretary of state an application to reserve a specified corporate name, executed by the applicant and upon payment into the state treasury of a fee of five dollars. If the secretary of state finds that such name is available for corporate use, he shall reserve the same for the exclusive use of such applicant for a period of sixty days."

There is no significant dispute concerning the facts. The appellant obtained a reservation of the name in question on June 24, 1970, which continued until August 22, 1970. On September 21, 1970, he made a second reservation which continued until November 27, 1970. On that date (a Friday) relator mailed a written application for the name "Metro Blueprint Company," together with the $5.00 fee, to the Secretary of State. That letter was received in the office of the Secretary of

State at about 8 a.m., on Monday, November 30, 1970, but did not reach the desk of the appropriate clerk until 10 a.m. In the meantime, at about 8:30 a.m., appellant called the clerk, Mrs. Samson, and made a verbal reservation of the name, conditioned upon the prompt receipt of a written application and the fee. After Mrs. Samson received the written application from relator she telephoned appellant, who advised her that his messenger was on the way with an application and fee. He arrived at 11 a.m. Mrs. Samson then issued the reservation to appellant and returned the application and fee to relator. Relator then filed this suit. The relief sought is shown by the command to the Secretary of State contained in the alternative writ, as follows:

"1. Cancel, annul and render void and of no effect, ab initio, the reservation of corporate name [Metro Blueprint Company].

"2. That you further issue to Relator a reservation of corporate name * * * granting to him the exclusive right prescribed in Section 351.115 RSMo [V.A.M.S.] to the use of the name 'Metro Blueprint Company.' "

There is no question but that relator's written application and fee were in the hands of the Secretary of State prior to the receipt of the application from appellant. Relator's position, therefore, is that under the plain terms of the statute he was entitled to the reservation. Appellant, on the contrary, contends that since he had a verbal reservation which was followed up by the written application and fee payment a few hours later, he was reasonably entitled to the reservation. He states that the Secretary of State had followed an established custom to permit telephone reservations if such were followed by a written application and payment of the fee during the same day. While the testimony concerning that custom is rather vague, we will assume (for the purposes of this decision) that such was the fact.

No case has been cited (and we have found none) which involves a factual situation similar to the one before us. Both sides have cited cases that apply rules of statutory construction. We do not think those cases need be considered because this statute is plain and needs no construction. It states that if an application to reserve a corporate name, executed by applicant, is *filed* in the office of the Secretary of State and the fee paid, the name (if available) *shall* be reserved for the applicant. Nothing in the statute gives the Secretary of State authority to grant a reservation upon oral request *prior to the filing of the* application and payment of the fee.

■ It is our view that when Mrs. Samson received relator's application and fee (there being no prior written application), and the name being available, it was her duty to issue a reservation to him. Appellant says that the name was not available at that time because he had made a prior reservation over the telephone. As we have indicated, the telephone reservation was not authorized by the statute and had no legal effect. If we should approve the custom of making verbal reservations we would, in effect, be permitting the Secretary of State to amend the statute which, of course, can be done only by the legislature.

■■ Appellant also contends that mandamus will not lie in this instance because the act sought to be compelled is discretionary. While we agree that mandamus will not lie to control the judgment or discretion of a public official, it is well settled that it may be used to compel the performance of mere ministerial acts or duties imposed by law. State ex rel. Great Lakes Pipe Line Co. v. Hendrickson, Mo. Sup., 393 S.W.2d 481; State ex rel. Hand v. Bilyeu, Mo.App., 346 S.W.2d 221[9]; and State ex rel. Folkers v. Welsch, 235 Mo.App. 15, 124 S.W.2d 636[3]. As we have indicated, under the facts here involved, the duty of the Secretary of State to issue the reservation to relator was

clearly ministerial and did not involve any exercise of discretion.

We recognize, as contended by appellant, that as a practical matter it probably is a considerable accommodation to attorneys for the Secretary of State to follow the custom heretofore mentioned. We are mindful that this is the first time a conflict of this nature has occurred during the period of Mrs. Samson's experience. Those matters may not, however, be considered by us in our determination that the clear and definite provisions of the statute must be followed. If it is considered desirable to authorize some sort of conditional verbal reservation of corporate names, the legislature should be requested to consider an amendment to the statute.

For the reasons indicated, the judgment of the circuit court awarding the peremptory writ of mandamus is affirmed.

SEILER, J., and RICKHOFF, Special Judge, concur.

BARDGETT, J., not sitting.