STATE ex rel. Dick D. MOORE, Chairman, Missouri Board of Probation and Parole, Relator,

v.

Honorable James S. CORCORAN, Presiding Judge, 22nd Judicial Circuit, Respondent.

STATE ex rel. the HONORABLE JUDGES OF THE 22ND JUDICIAL CIRCUIT, Relators,

v.

STATE BOARD OF PROBATION AND PAROLE, et al., Respondents.

Nos. 64171, 64180.

Supreme Court of Missouri, En Banc.

March 29, 1983.

John Ashcroft, Atty. Gen., S. Francis Baldwin, Asst. Atty. Gen., Jefferson City, for relators.

John J. Wilson, City Counselor, John J. Fitzgibbon, Francis M. Oates, Asso. City Counselors, St. Louis, for respondents.

GUNN, Judge.

A clash between two state authorities forms the substance of this prohibition/mandamus action. Confronting one another are the Board of Probation and Parole and the judges of the 22nd Judicial Circuit. At stake is the determining force for the hours of operation of the St. Louis

office for pretrial investigative services. Each contends that it has the exclusive authority to set the hours of operation for the office.

The procedural posture of this case as it comes to this Court is as follows: The Board of Probation and Parole (Board) seeks a writ of prohibition to prohibit the presiding judge of the 22nd Judicial Circuit from issuing an order directing hours of operation as being beyond his jurisdiction. The judges of the 22nd Judicial Circuit (judges) seek a writ of mandamus to compel the Board to provide 24 hour investigatory services as requested by them. Each party has substantial merit to its position, but after giving consideration to all factors, we believe that under the circumstances of this case that the hours of pretrial office operation demanded by the judges are not unreasonable. We, therefore, make peremptory the writ of mandamus compelling the Board to provide the hours of service as requested.

Due to the burgeoning case load of criminal cases in the 22nd Judicial Circuit and to provide some relief for the bulging St. Louis jail population, in 1974 the Board increased its hours of operation for its St. Louis pretrial investigative services office to 20 hours a day. The function of the office was to aggressively pursue a pretrial release program authorized by § 544.455, RSMo Supp.1973 (now § 544.455, RSMo 1978).

Having determined that the 20 hour a day operation was not cost efficient, the Board notified Judge Corcoran as presiding judge of the 22nd Judicial Circuit that effective July 1, 1982, it would cut back pretrial services to 10 hours a day. Judge Corcoran on behalf of the 22nd Judicial Circuit issued an order directing the Board to reinstate the 20 hour a day service from 6:30 a.m. to 2:30 a.m. daily. The Board responded by seeking a writ of prohibition from this Court to prohibit enforcement of the order, asserting that Judge Corcoran is without jurisdiction to issue the order. The judges' response was to seek a writ of mandamus which would direct the Board to

provide such supportive services deemed necessary on a 24 hour a day basis.

Section 217.655.2, RSMo 1978, is the epicenter of this controversy and is relied upon by both parties in support of their arguments. It provides:

2. The board shall, in addition to any other duties imposed by sections 217.540 to 217.810:

(1) Establish prerelease programs for orientation for release or for treatment plan development to individuals assigned to the board by any authorized jurisdiction;

(2) Provide pretrial programs and services, which shall include recognizance and diversionary programs, *when they are deemed necessary by criminal justice officials or the circuit court.*

(Emphasis added.)

The Board argues that its decision to reduce services was merely an administrative reassignment of funds and personnel and not an attempt to avoid statutory obligations. It asserts that it will continue to provide reasonable services as they are needed but that the Board is vested with the authority to determine the specific services that will be provided. The Board's position is that it, not the circuit court, is vested with authority to make decisions regarding expenditures and allocation of manpower and that the judges' involvement is an unauthorized intrusion into the Board's prerogatives. As authority, the Board relies on § 217.660, RSMo Supp.1982, which provides:

The chairman of the board of probation and parole, subject to the supervisor of the department director, shall be the chief administrative officer of the division and shall exercise the powers and duties of an appointing authority under chapter 36, RSMo, to employ such administrative, technical and other personnel as may be necessary for the performance of the duties and responsibilities of the division.

The Board views the foregoing statute as vesting it and its chairman with plenary authority to administer its programs and to

employ whatever personnel it considers necessary. This, of course, would contemplate the hours of service for the office and the programs provided as well as the number of employees utilized. The sum of the Board's argument is that although the judges may determine that pretrial programs and services are needed and, therefore, must be provided, it is within the sole power of the Board and its chairman to determine the extent of the programs. That is, the Board has absolute authority to administer the services and determine the amount of funds and expenditures allocable therefor. In this instance the chairman of the Board, acting within his authority, has determined that reasonable and meaningful pretrial programs and services can be provided in a 10 hour day.

It is also the Board's position that § 217.-665.5[1] vests exclusive power regarding funding and personnel determinations within its chairman and that the judges are without authority to compel the Board to reallocate its manpower or budget or direct any operation of the pretrial programs or services. The Board does not challenge that if the judges determine that a program is needed, then it must be provided—only that the Board has administrative control and that the judges have no authority regarding the scope of the programs or services.

The judges assert that there can be no meaningful prerelease program if services are not available to them on the 24 hour a day basis they request. They note that § 478.248, RSMo Supp.1982, requires them to have a judge available "at all hours and times" for the purpose of admitting persons to bail with sureties or releasing them on their own recognizance, and that the fulfillment of this responsibility would be futile unless pretrial services were likewise available.

Unquestionably both sides have merit to their arguments. But it seems clear that the mandatory language of § 217.655.-2(2) requires the Board to provide service as requested by the judges. This conclusion is consistent with past actions of this Court in recognizing the jurisdiction of the 22nd Judicial Circuit to provide for pretrial release procedures. On October 9, 1974, this Court responded to a request from the 22nd Judicial Circuit for enactment of a rule "directing that the courts with original jurisdiction of criminal offenses committed in the City of St. Louis afford consideration of pretrial release to every accused at such regularly established times throughout the day and night, seven days a week, as the judges of such courts deem necessary and that such courts be authorized to administer such a program with sufficient personnel to afford such release through deputy clerks at such times as the courts are not in session." An order was thereupon issued by this Court which provided that "a pretrial release program, not inconsistent with state law and affirmatively and aggressively implementing the provisions of § 544.455, RSMo Supp. 1972 (now § 544.455, RSMo 1978), be immediately established in the City of St. Louis; and the Circuit Court of the City of St. Louis ... [is] hereby authorized and directed to implement said program."

The die is thus cast that this Court has intervened and recognizes the need for the circuit court to set and determine pretrial programs and services. This, of course, would contemplate hours of service. It appears, too, that allowing the judges to designate hours of service to comport with their needs is congruent with the purposes of § 478.248, RSMo Supp.1982, which requires judges to be available for the purpose of admitting persons to bail or on recognizance.

1. Section 217.665.5 provides:

5. The governor shall designate one member of the board as chairman. *The chairman shall be the chief administrative officer of the board and shall have charge of the board's operations, funds and expenditures.* The chairman shall designate by order of record another member to act as chairman in the event of absence or sickness of the chairman, and during such time the member so appointed by the chairman shall possess all powers of the regular chairman.

(Emphasis added).

■ But there is more. The Board under its authority has the power to assign personnel and allocate funds but not in such a manner to avoid its statutory duty to provide pretrial programs and services deemed necessary by the judges. But this is not to say that demands of services by the judges can be unreasonable or unnecessary. Indeed, the request for services must have a rational basis in the requirements for pretrial services contemplated by §§ 217.655.2 and 544.455, RSMo 1978. Nor should the thrust of this opinion be used as a foil to interfere with the normal administrative functions of the Board over the pretrial services office. The judges concede that fact.

■ There is nothing in the record to indicate that the judges' request for service is unreasonable. Inasmuch as the Board acknowledges that by § 217.655.2 it must provide pretrial services when deemed necessary by the judges, it is therefore incumbent on it to establish that the request is, in fact, unreasonable.

■ Inasmuch as the Board has a statutory duty to provide the service requested by the judges, mandamus is the appropriate remedy to compel performance of that obligation. *State ex rel. Lane v. Kirkpatrick*, 485 S.W.2d 62, 64 (Mo.1972).

The Board's petition for writ of prohibition is denied. The petition for writ of mandamus filed by the 22nd Judicial Circuit is made peremptory.

HIGGINS, BILLINGS, and DONNELLY, JJ., concur.

RENDLEN, C.J., concurs in result.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, Judge, concurring.

I wholly concur in Judge Gunn's opinion, which decides simply that the judges of the Circuit Court for the 22nd Judicial Circuit have the authority to determine the hours during which investigatory services from the Board of Probation and Parole are necessary.

There are problems when the law mandates that one governmental agency serve another. Matters of budgeting and of the allocation of scarce resources present substantial problems. This Court is in a very poor position to referee disputes without lengthy and expensive hearings. In the briefing and argument it almost seemed that the parties were not talking about the same case.

The Board stepped out of line when it told the circuit court that a 20 hour operation was "not efficient." The circuit court, I repeat, is best able to decide when it needs services. The resources of the Board, however, are finite and it may be that something else will have to give if the court maintains its position that 20 hour service is required. Not even the circuit court can get blood out of a turnip.

My plea is for the parties to try to settle this dispute in a reasonable manner.

WELLIVER, Judge, dissenting.

I respectfully dissent.

If the ultimate goal is, as set forth in the concurring opinion, "for the parties to try to settle this dispute in a reasonable manner," then the Court has only two alternatives: (1) in the Court's discretion, deny both writs; or (2) appoint a master, hear the evidence, and decide and resolve the issues in a reasonable manner based upon the evidence adduced.

The parent who always takes the position that his progeny can do no wrong rarely contributes to the reasonable resolution of disputes.

I would appoint a master and then render a decision founded in fact and calculated to promote the most effective administration of the judicial system.