STATE ex rel. DePAUL HEALTH
CENTER, Relator,

v.

Honorable Thomas C. MUMMERT
III, Judge, Circuit Court, St.
Louis City, Respondent.

No. 76270.

Supreme Court of Missouri,
En Banc.

Feb. 22, 1994.
Rehearing Denied March 22, 1994.

Kenneth C. Brostron, Judith C. Brostron,
Sarah K. Hackworth, St. Louis, for relator.

John D. Anderson, Herman Praszkier, St. Louis, for respondent.

ROBERTSON, Judge.

This original action in mandamus is another in a seemingly unending series of extraordinary writ actions in which civil tort plaintiffs and defendants enter protracted procedural plotting to embrace or avoid the generous juries of the City of St. Louis. Our jurisdiction is founded on Article V, Section 4 of the Missouri Constitution.

In this case we consider whether the 1989 amendment to Sections 506.110, RSMo Cum.Supp.1993, and adoption of Section 476.410, RSMo Cum.Supp.1993, overrule a long line of Missouri case law culminating in *Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988), in which Missouri courts held that proper venue is a condition precedent to the issuance of service and that a trial court without venue over an action could not obtain personal jurisdiction over a defendant. We hold that proper venue is no longer a prerequisite to personal jurisdiction and, on the authority of Sections 506.110 and 476.410, overrule contrary judicial decisions.

Nevertheless, we hold that the trial court failed to exercise a ministerial duty to transfer this case to a county in which venue was proper. The alternative writ of mandamus previously issued is made peremptory.

I.

In the underlying action, plaintiffs filed a medical malpractice suit against Dr. Joseph Hazen, DePaul Health Center (DePaul) and Group Health Plan in the Circuit Court of the City of St. Louis. The plaintiffs' cause of action accrued in St. Louis County and each of the defendants is a resident of St. Louis County within the meaning of Section 508.010, RSMo 1986, the general venue statute.

Plaintiffs filed their cause of action on March 17, 1993, together with a motion for an order setting the deposition of DePaul's custodian of records immediately upon service of all the defendants. Following service of the defendants, respondent, Judge Thomas Mummert, ordered the deposition for April 9, 1993. Legal representatives of each of the defendants attended the deposition on that date.

Attorneys for DePaul entered their appearance on April 20, 1993, and contemporaneously filed a motion to quash service of summons for improper venue. The motion claimed that neither the individual nor corporate defendants resided within the City of St. Louis, that plaintiffs' cause of action did not accrue there and that venue was improper under Section 508.010. Relying on *Oney*, DePaul asked respondent to quash service.

Respondent initially heard arguments on DePaul's motion to dismiss on May 11, 1993. As defendant Dr. Hazen had not filed an affidavit of residence, respondent sustained plaintiffs' motion to hold further action in the case in abeyance until after plaintiffs could take Dr. Hazen's deposition. Subsequently, Dr. Hazen filed an affidavit stating that he lived in St. Louis County, a fact he confirmed in his deposition of July 8, 1993.

On July 21, 1993, plaintiffs dismissed Dr. Hazen as a defendant without prejudice. DePaul reargued its motion to quash service on July 28, 1993. Plaintiffs argued that venue was now proper in the City of St. Louis in light of plaintiffs' dismissal of Dr. Hazen. Under Section 508.040, RSMo 1986, plaintiffs urged venue was properly laid in the City since Group Health transacted business there.

Respondent overruled DePaul's motion to quash service of summons. This mandamus action followed.

II.

A.

*Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988), traced a quirk in Missouri law melding venue and personal jurisdiction that led courts to conclude that where a plaintiff filed an action in the wrong venue, the court could not acquire personal jurisdiction over a defendant. Section 506.110.1(1), RSMo 1986, provided that, "Suits may be instituted in courts of record ... [b]y filing in the office of the clerk of the *proper* court a petition set-

ting forth the plaintiff's cause or causes of action." [Emphasis added.] The cases reasoned that service of process could not issue except from the "proper" court. A court in which venue did not lie was not a "proper" court.

A summons served on a defendant as the result of an action filed in a court in which venue is improper provides no jurisdiction over the defendant, because the court has no authority under the statute to issue the summons.

*Id.* at 141. *Oney* invited the legislature to amend the statute to avoid the unduly harsh result application of Missouri law often produced.

In 1989, the General Assembly removed the word "proper" from Section 506.110.1(1) and expressly authorized courts to transfer actions filed in an improper venue to circuits having venue. Section 476.410. DePaul claims that these legislative actions did not change the law in Missouri and that the Circuit Court for the City of St. Louis had no authority to issue summons in this case. Respondent takes the opposite view, contending that the authority of a circuit court to issue summons is no longer a function of proper venue following the legislature's action.

■ "The primary purpose of Missouri's venue statutes is to provide a convenient, logical and orderly forum for the resolution of disputes." *State ex rel. Elson v. Koehr,* 856 S.W.2d 57, 59 (Mo. banc 1993). Personal jurisdiction, however, is about the authority of a court to render judgment over a particular defendant.

■ Venue and personal jurisdiction address entirely different concerns, the coupling of which was the product of the use of the word "proper" in Section 506.110.1. By removing "proper" from Section 506.110.1(1), the legislature severed the two concepts. A summons can now issue from a court in which venue is not proper. Assuming the summons is not itself defective for some other reason, proper service of that summons results in personal jurisdiction over the defendant served. To the extent they hold otherwise, we overrule *Yates v. Casteel,* 329 Mo. 1101, 49 S.W.2d 68 (1932); *Hankins v.*

*Smarr,* 345 Mo. 973, 137 S.W.2d 499 (1940); *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 165 S.W.2d 404 (1942); *State ex rel. O'Keefe v. Brown,* 361 Mo. 618, 235 S.W.2d 304 (1951); *State ex rel. Bartlett v. Queen,* 361 Mo. 1029, 238 S.W.2d 393 (banc 1951); *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (banc 1956); *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105 (Mo. banc 1983); *State ex rel. Coca-Cola Bottling Co. of Mid-America v. Gaertner,* 681 S.W.2d 445 (Mo. banc 1984); *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85 (Mo. banc 1983); and *Oney v. Pattison,* 747 S.W.2d 137 (Mo. banc 1988).

### B.

Notwithstanding our determination that service of process properly issued from the City of St. Louis, DePaul contends that venue is still improper and that respondent should have transferred the case to St. Louis County pursuant to Section 476.410. Respondent offers two arguments in response: First, respondent claims that DePaul waived any objection it had to venue when its attorneys attended the deposition of the records custodian on April 9, 1993, eleven days prior to DePaul's attorneys filing a timely entry of appearance and motion to quash service of summons for improper venue. Second, respondent urges that he need not transfer the case since venue was proper at the time he overruled DePaul's motion in light of plaintiffs' dismissal of Dr. Hazen from the case.

■ First, a party cannot waive venue until he or she is before the court. *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 88 (Mo. banc 1983). Here, DePaul challenged the propriety of venue immediately when it came before the court and at its first available opportunity to do so. This was the proper place and time to challenge venue. DePaul's appearance at a deposition taken prior to a party coming before the court did not constitute a waiver of venue.

■ Second, the propriety of venue is prescribed by statute. *State ex rel. Elson v. Koehr,* 856 S.W.2d at 59 (Mo. banc 1993). The applicable statute, Section 508.010, provides in part:

Suits instituted by summons shall, except as otherwise provided by law, be brought ... [w]hen there are several defendants, and they reside in different counties, the suit may be brought in any such county.

By the terms of the statute, venue is determined as the case stands when *brought,* not when a motion challenging venue is decided. When suit was brought, none of the defendants resided in the City of St. Louis. Under Section 508.010, venue was improper in the City of St. Louis at that time. Respondent had a ministerial duty to transfer the underlying case to St. Louis County pursuant to Section 476.410.

### III.

█ Mandamus lies to require the performance of a ministerial act. · *State ex rel. Lane v. Kirkpatrick,* 485 S.W.2d 62, 64 (Mo. 1972). As we have previously said, respondent bore a ministerial duty to transfer this case to the proper venue. The alternative writ of mandamus previously issued in this case is made peremptory. Respondent is ordered to transfer this cause of action to the Circuit Court of St. Louis County.

COVINGTON, C.J., and HOLSTEIN, BENTON, and THOMAS, JJ., concur.

LIMBAUGH, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of LIMBAUGH, J.

LIMBAUGH, Judge, dissenting.

I respectfully dissent.

Although I wholly agree with the majority's conclusion that venue is not jurisdictional, I disagree that the case must nevertheless be transferred to St. Louis County. More particularly, I disagree that venue is determined "as the case stands when brought." The import of the holding is to preclude plaintiffs from curing defects in venue.

The key to this case is to ascertain the date from which challenges to venue are to be determined. The statute on which the majority relies, § *508.010,* does not address that issue, but provides only that suits shall be brought in certain designated venues.

The statute contains no provision, express or implied, that supports the majority's conclusion that challenges to venue must be determined as of the date the suit is originally filed.

In the absence of a controlling statute, the better rule, in my view, is that the propriety of venue and the "ministerial duty to transfer the case" should be determined according to the presence and status of the parties at the time the court rules on the merits of the challenge. This rule affords plaintiffs the opportunity to dismiss the party defendant whose presence in the suit gives rise to improper venue and allows the case to proceed expeditiously. It avoids the awkward procedure that ultimately allows plaintiff to bring the suit in the City of St. Louis, but only if it is first dismissed and then refiled without joinder of the party defendant in question.

For at least two other reasons, the majority approach is inappropriate. First, the curative dismissal of a party defendant is not without significant cost to plaintiff because plaintiff loses its expectation of recovery from that defendant. This alone is sufficient penalty for bringing the case in an improper venue. Second, the dismissal causes no harm to the remaining defendants who would be subject to the same venue had plaintiff originally filed the suit without joining the party who defeated venue. In my opinion, dismissal of parties that cause improper venue should be encouraged, not penalized.

Because plaintiff's dismissal of Dr. Hazen occurred prior to the trial judge's ruling on the motion challenging venue, the defect to venue was cured. I would quash the writ.