**STATE ex rel. BUNKER RESOURCE, RECYCLING AND RECLAMATION, INC., Relator,**

v.

**Honorable Robert H. DIERKER, Jr., Judge, Circuit Court, St. Louis City, Respondent.**

No. 79716.

Supreme Court of Missouri, En Banc.

Nov. 25, 1997.

Robert D. Younger, St. Louis, for Relator.

Mario G. Silva, Leonard P. Cervantes, Phillip A. Cervantes, St. Louis, for Respondent.

BENTON, Chief Justice.

On November 10, 1988, in St. Louis County, Genevieve Brune's car allegedly collided with a tractor-trailer driven by an employee of Bunker Resource, Recycling and Reclamation, Inc. (doing business as Bunker Resources, Inc.). On July 29, 1991, the Secretary of State administratively dissolved Bunker Resources for failure to file a correct annual report, under section 351.484(2) RSMo.[1] The respondent Judge notes "the fact that Bunker Resources ceased to operate after July 29, 1991."

On May 29, 1996, Brune sued Bunker Resources in the Circuit Court of the City of St. Louis. Brune alleged venue under section 508.070, the special statute for motor carriers, because at the time of the collision, Bunker Resources operated as a motor carrier in the City of St. Louis.

Bunker Resources moved for a change of venue to St. Louis County, arguing that venue was improper in the City of St. Louis because at the time the suit was brought, it did not operate as a motor carrier. The trial court overruled the motion. After the Court of Appeals denied Bunker Resources' petition for mandamus, this Court issued an alternative writ to transfer the case to St. Louis County. *Mo. Const. art. V, sec. 4.* The alternative writ is made peremptory.

I.

In Missouri, venue is determined solely by statute. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). Section 508.070 is a permissive venue statute that widens the field of venue in suits against motor carriers. *State ex rel. O'Keefe v. Brown,* 235 S.W.2d 304, 307[2] (Mo.1951). Section 508.070.1 provides four alternative ways to determine venue:

---

1. All statutory references are to RSMo 1994.

Suit may be brought against any motor carrier which is subject to regulation under chapter 390, RSMo, in any county where the cause of action may arise, in any town or county where the motor carrier operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent. . . .

The trial court expressly invoked the second alternative, ruling that where a carrier "operates" is determined at the time of the incident.[2]

■ The language of the statute indicates otherwise. Where the language of a statute is clear, a court "should regard laws as meaning what they say; the General Assembly is presumed to have intended exactly what it states directly and unambiguously." *In re Estate of Thomas*, 743 S.W.2d 74, 76 (Mo. banc 1988).

■ Three elements are required to support venue under the second alternative of section 508.070.1: (1) bringing suit against (2) a motor carrier which is subject to regulation under chapter 390 RSMo (3) where it operates. The time to measure these three elements is when suit is "brought" because the second alternative is in the present tense. This is analogous to the general venue statute, section 508.010, where venue is determined as the case stands when brought. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823 (Mo. banc 1994).

■ The parties agree that when the suit was brought, Bunker Resources did not, as a matter of fact, operate as a motor carrier in the City of St. Louis. Therefore, section 508.070 is not available to authorize venue in the City of St. Louis.

Echoing the respondent, the dissent argues that public policy should give plaintiffs the same rights against dissolved corporations as against active corporations. The General Assembly has, however, declared the contrary public policy. Section 508.070 permits venue where a motor carrier "operates," not where it operated. Venue is within the province of the legislature, and a court must be guided by what the legislature says.

**2.** Only the second alternative in section 508.070.1 could support venue in the City of St.

*Willman v. McMillen*, 779 S.W.2d 583, 585 (Mo. banc 1989).

## II.

■ Bunker Resources may be sued in its corporate name even after administrative dissolution. *See* sections 351.476.2(5), 351.486.3. When a corporation is the sole defendant, section 508.040 controls. *State ex rel. Coca Cola v. Gaertner*, 681 S.W.2d 445, 447[1, 2] (Mo. banc 1984). Section 508.040 provides:

Suits against corporations shall be commenced either in the county where the cause of action accrued . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

When suit was commenced, Bunker Resources did not keep, in any county, an office or agent for the transaction of its usual and customary business. Because the cause accrued in St. Louis County, Bunker Resources is subject to suit there under section 508.040.

Venue was improper in the City of St. Louis. Respondent has a ministerial duty to transfer the underlying case to a court of proper venue under section 476.410. A writ of mandamus is appropriate to require the performance of a ministerial act. *See De-Paul*, 870 S.W.2d at 823.

The alternative writ of mandamus is made peremptory. Respondent shall transfer the cause to the Circuit Court of St. Louis County.

PRICE, LIMBAUGH, ROBERTSON, COVINGTON and HOLSTEIN, JJ., concur.

WHITE, J., dissents in separate opinion filed.

WHITE, Judge, dissenting.

This case turns on the question of whether "operates" in section 508.070 should be read to mean "operates at the time the cause of action accrued," or "operates at the time suit is brought." The principal opinion holds that

Louis. This Court expresses no opinion on the

the time to measure the elements of venue is when suit is brought because the word "operates" is in present tense. This argument is circular, assuming its conclusion that present tense in the statute refers to the time suit is brought. This is far from clear.

The statute, first enacted in 1927, is a model of confused draftsmanship. Where all other venue statutes refer to venue as lying in counties, section 508.070 suggests that venue may lie in a county, in a "town or county," or in a "judicial circuit," as if these were three distinct choices. The statute is particularly sloppy in maintaining a consistent verb tense, the key factor in the principal opinion's analysis. The statute refers to two apparently identical events in different verb tenses, mandating, in the present tense, that venue is proper where "the cause of action may arise," and using the past tense to place venue where the "the cause of action accrued." The only way to see "operates" as unambiguous is to impose a blanket rule of construction that venue is presumptively determined by reference to the time at which the suit is brought. The principal opinion does this by analogizing this case to *State ex rel. DePaul Health Ctr. v. Mummert.*[1] That case does not support such a broad rule. In *DePaul,* respondent refused to transfer venue despite the fact that, although venue was proper at the time the motion was ruled on, it was not proper at the time suit was filed.[2] Thus, *DePaul* stands for no more than the unremarkable proposition that, if venue properly lies when a suit is filed, subsequent events do not make venue improper. In any case, given this Court's repeated holdings that venue is entirely a statutory determination, I find broad rules of judicial construction inappropriate to analyze these cases. Instead I would look to the statute itself, and the policy embodied therein, to resolve ambiguities on its face.

The purpose of this special venue statute is, as the principal opinion recognizes, to "widen[ ] the field of venue in suits against motor carriers." This goal is consistent with the broader aims of chapter 390, to which section 508.070 is explicitly linked. The right to operate as a contract carrier in any county in Missouri is a privilege for which specific permission must be obtained from regulatory authorities.[3] One price exacted for that privilege is that a carrier becomes liable to be haled into court in any county through which it operates. It appears that the legislature regards motor carriers as particularly hazardous operations, and has subjected to them to extensive regulatory burdens and expanded the fora in which they may be sued. That legislative judgment is ill-served by a judicially created rule of construction allowing motor carriers to restrict a plaintiff's choice of venue—after a cause of action has accrued—merely by ceasing to operate in a county until suit is filed.

The principal opinion disserves another important statutory goal by effectively holding that a dissolved corporation may only be subject to suit in the county where a cause of action accrued. By reading the corporate venue statute narrowly, the principal opinion treats a dissolved corporation far differently from one with continuing operations. This contravenes the legislative policy announced in section 351.476.2(5), which allows corporations to be sued just like existing entities even after they are dissolved. Absent a specific legislative pronouncement specifying different venue treatment for dissolved corporations relative to ongoing ones, I would hold that, as long as corporations may be sued in the corporate name, the proper venue for such a suit is any place where the corporation was subject to suit at the time of dissolution.

In short, the principal opinion supplies a meaning to section 508.070 that is not readily apparent on the face of the statute. Because the statute is ambiguous, I would construe it in such a way as to fulfill the manifest legislative intent. Accordingly, I would quash the alternative writ and allow suit to proceed in St. Louis City.

---

scope of the other alternatives in section 508.070.

1.  870 S.W.2d 820 (Mo. banc 1994).

2.  *Id.* at 823

3.  Section 390.061, RSMo 1994.