**664**

STATE of Missouri, ex rel. Manuel DRUMM, W.H. Winchester, III and Stephanie M. Gleason, Individually and d/b/a Drumm, Winchester & Gleason, Relators,

v.

The Honorable William C. SEAY, Judge of the Circuit Court, 42nd Judicial Circuit, Acting by Appointment in Mississippi County, Respondent.

No. 22590.

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1999.

George W. Gilmore, Jr., William Clayton Vandivort, Dement, Vandivort & Dement, Sikestone, for Relators.

Mitchell A. Margo, Curtis, Oetting, Hertz, Garrett and Soue, P.C., St. Louis, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Nancy Stillman, trustee of Mid–West Management Trust ("Plaintiff"), filed an action for legal malpractice against Manuel Drumm, W.H. Winchester, III and Stephanie M. Gleason, individually and d/b/a Drumm, Winchester & Gleason ("Relators"), in the Circuit Court of Scott County. On August 17, 1995, Plaintiff filed a motion for change of venue that was granted on May 14, 1996, and the case was transferred to Mississippi County. Plaintiff filed a second motion for change of venue on May 1, 1998. On August 25, 1998, Judge Seay ("Respondent") overruled the second motion, but took up the first motion which was granted more than two years earlier, set aside the order granting a change of venue to Mississippi County, and transferred the case to Butler County. Relators filed a petition for writ of mandamus directing Respondent to vacate his order of August 25, 1998, "thus leaving the case venued in Mississippi County, Missouri, and not Butler County, Missouri." This Court entered a preliminary order in mandamus directing Respondent to take no further action to enforce the order of August 25, 1998, until further order by this Court. We now make that preliminary order absolute.

A writ of mandamus will issue where the court has exceeded its jurisdiction or authority. *State ex rel. Schnuck Markets, Inc.* v. *Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993). The writ may lie

both to compel a court to do that which it is obligated by law to do and to undo that which the court was by law prohibited from doing. Id.

Relators contend in their point relied on: The trial court erred in setting aside the order of Judge Heckemeyer entered May 14, 1996, and transferring the case from Mississippi County because once Judge Heckemeyer transferred the case from Scott to Mississippi County, no court ha[d] jurisdiction or authority to transfer the case elsewhere.[1]

Rule 51.13, Missouri Rules of Civil Procedure (1998), provides:

A court which has granted a change of venue shall have the power to annul the order, with the consent of the parties, at any time before the papers or transcript are filed in the court to which the venue was changed.

In this case, venue was transferred from Scott to Mississippi County on May 14, 1996. The "papers or transcript" of the case were filed in the Mississippi County Circuit Court on September 25, 1996. The order purporting to set aside the May 14, 1996, order was not entered until August 25, 1998. Thus the order of August 25 was entered approximately two years after the "papers or transcript" of the case were filed in Mississippi County. In addition, the August 25 order was entered without the consent of Relators.

 The valid[2] order transferring venue from Scott to Mississippi County could only be recalled before the papers or transcript were filed in the court of Mississippi County, and then only with the consent of the parties. Rule 51.13. *See State ex rel. Schnuck Markets, Inc.*, 859 S.W.2d at 698; *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423(Mo. banc 1978). Once venue was properly transferred, no jurisdic-

tion or authority existed to recall or annul the order. *State ex rel. Schnuck Markets, Inc.*, 859 S.W.2d at 698; *State ex rel. Peabody Coal Co.*, 574 S.W.2d at 426.

Accordingly, our preliminary writ in mandamus is made absolute. Respondent is ordered to vacate his order of August 25, 1998, and reinstate the original order of May 14, 1996.

Preliminary order of mandamus is absolute.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

1. The case was originally assigned to Judge Anthony Heckemeyer. While the case was pending, however, Judge Heckemeyer resigned from the bench. Judge Heckemeyer's successor, Judge David A. Dolan, disqualified himself from the case and Judge William C.

Seay of the 42nd Judicial Circuit was transferred by the Supreme Court to hear the case.

2. No party contests the validity of the original order transferring venue from Scott to Mississippi County.