STATE of Missouri, ex rel., James M. TURNBOW and Gloria N. Bratcher, Relators,

v.

Honorable Mary SCHROEDER, Circuit Court Judge, St. Louis County, Respondent.

No. ED 83587.

Missouri Court of Appeals, Eastern District, Writ Division Four.

Dec. 23, 2003.

James Turnbow, Hayti, pro se.

Mark Lichtenfeld, Ballwin, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

James M. Turnbow (Turnbow) and Gloria N. Bratcher (Bratcher) (collectively Relators) filed a Petition for Writ of Mandamus, along with suggestions in support and exhibits, in which they allege that Respondent erred in denying their Motion to Transfer Venue for a cause of action brought by Mark Lichtenfeld (Lichtenfeld) against Relators and pending before Respondent in the Circuit Court of St. Louis County. Respondent filed Suggestions in Opposition to the petition, along with exhibits. We issued a Preliminary Order in Mandamus. We dispense with further briefing and oral arguments, as permitted by Supreme Court Rule 84.24, and we make our preliminary order absolute.

The record reveals the following. Turnbow, an attorney, entered into a contract with Lichtenfeld, a medical doctor, for Lichtenfeld to examine Bratcher, Turnbow's client, for her workers' compensation claim filed by Turnbow. Subsequently, Lichtenfeld filed a three-count Amended Petition in the Circuit Court of St. Louis County against Relators claiming that a balance is due and owing for his services performed under the contract. Count I of the Amended Petition alleges breach of contract. Count II is an action on account for professional services performed against Turnbow. Count III is an alternative claim on account for professional services performed against Bratcher. The Amended Petition (and the original petition) states that Bratcher "is and was at all times herein mentioned a resident of the County of Dunklin, State of Missouri...."

The Circuit Court of St. Louis County issued summons for service on Relators individually. Turnbow received service of summons at his office in Pemiscot County. Bratcher's service was returned "Non–Est" because of an incorrect address in Dunklin County.

Subsequently, Turnbow entered his appearance on Bratcher's behalf. At the same time, Relators filed a Motion to Dismiss or, in the alternative, Motion to Transfer Venue from St. Louis County to Dunklin County. Relators attached to the motions an affidavit of Turnbow, which stated that both he and Bratcher have resided in Dunklin County for many years. Lichtenfeld filed a response to Relators' motions. After a hearing, Respondent denied Relators' motions. Relators then filed their Petition for Writ of Mandamus challenging Respondent's order denying their Motion to Transfer Venue.

■ Venue refers to the situs in which a court of competent jurisdiction may adjudicate an action. *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo. banc 1993). Venue is determined solely by statute. *Id.*

■ Section 508.010 [1] provides in relevant part that suits instituted by summons shall be brought in the county within which the defendant resides. The record shows that both defendants in this cause of action reside in Dunklin County. Therefore, proper venue is in Dunklin County, not St. Louis County. Respondent is required to transfer the case to a proper circuit. Section 476.410.

■ Respondent argues that Counts II and III in the Amended Petition allege tort claims, and thus, under Section 508.010, venue is proper in the county

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

where the cause of action accrued.[2] Respondent's characterization of Counts II and III is mistaken. An action on account is an action based on contract. *St. Luke's Episcopal–Presbyterian Hosp. v. Underwood*, 957 S.W.2d 496, 498 (Mo.App. E.D. 1997). Accordingly, an action on account, like a contract action, must be filed in the county within which the defendant resides, as required by Section 508.010. *See State ex rel. Drienik v. Clifford*, 944 S.W.2d 266, 268 (Mo.App. E.D.1997).

Respondent also argues that Turnbow's entry of appearance waived any challenge to venue. Turnbow's general entry of appearance may have waived a challenge to the court's personal jurisdiction over Bratcher because of the apparently defective service of summons; but personal jurisdiction and venue address entirely different concerns. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994) (the primary purpose of venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes whereas personal jurisdiction is about the authority of a court to render judgment over a particular defendant). Additionally, a party cannot waive venue until the party is before the court. *Id.* Relators filed their Motion to Transfer Venue, challenging the propriety of venue, at the same time as their entry of appearance and at their first available opportunity to do so.

A writ of mandamus is the appropriate remedy when a court fails to perform a ministerial act such as ordering the transfer of a case from a court of improper venue to a court of proper venue. *State ex*

*rel. Domino's Pizza, Inc. v. Dowd*, 941 S.W.2d 663, 664 (Mo.App. E.D.1997).

Venue is improper in St. Louis County and is proper in Dunklin County. Accordingly, our Preliminary Order in Mandamus is made absolute. Respondent is directed to take no further action in the underlying case except to sustain Relators' Motion to Transfer Venue and to transfer the case to Dunklin County.[3]

KATHIANNE KNAUP CRANE, J., and LAWRENCE G. CRAHAN, J., concur.

---

2. Lichtenfeld notes that the cause of action accrued in St. Louis County because the alleged failure to pay for services occurred at the designated location under the contract, Lichtenfeld's office in St. Louis County.

3. Respondent's Motion to Quash Preliminary Order in Mandamus and Dismiss is denied.