**STATE ex rel. The KANSAS CITY SOUTHERN RAILWAY COMPANY, Relator,**

v.

**The Honorable W. Stephen NIXON, Respondent.**

**No. SC 89704.**

Supreme Court of Missouri, En Banc.

May 5, 2009.

---

James m. Yeretsky, Gregory F. Maher, Craig M. Leff, G. Stuart Englebert, Kansas City, MO, for Relator.

Mark E. Parrish, Parrish, Nash & Franciskato, Kansas City, MO, Richard L. Rollings, Jr., Camdenton, MO, for Respondent.

MICHAEL A. WOLFF, Judge.

When a defendant challenges venue, may the circuit court grant leave for the plaintiff to add a party whose presence makes venue proper?

## Facts and Background

The writ at issue arises out of a suit for personal injury and wrongful death resulting from a train-car collision that occurred in the state of Louisiana between plaintiffs' car and a train owned by the relator, defendant Kansas City Southern Railway Company. Plaintiff Lauren Cockerell was driving the car at the time of the collision with the Kansas City Southern train. Clifford McFarland, Kimberly McFarland and their daughter, Hannah McFarland, were passengers in the car. Hannah McFarland was killed in the collision.

The McFarlands brought a wrongful death action in the Jackson County circuit court against Kansas City Southern, alleging that Hannah died as a result of injuries she sustained in the collision with the train. Cockerell also sued the railway for damages for personal injuries she claims resulted from the collision. The McFarlands and Cockerell are residents of Louisiana.

Following service of the McFarland and Cockerell petitions, the railway filed a motion to transfer venue pursuant to Rule 51.045. The railway argued that the St. Louis County circuit court was the only proper venue under section 508.010.5(1), RSMo Supp.2008, because the plaintiffs were first injured out of state, none of the plaintiffs resided in Missouri, and the railway's registered agent is located in St. Louis County.[1]

Before the trial court ruled on the railway's motion to transfer venue, plaintiffs sought leave to add railway employee Kevin McIntosh, a resident of Jackson County, as a defendant in the case. The trial court granted the plaintiffs' motion for leave to add McIntosh and gave the plaintiffs 10 days in which to file the amended petition. Because the addition of McIntosh would render venue in Jackson County proper under section 508.010.5, RSMo Supp.2008, the trial court overruled the railway's motion to transfer venue.

The railway seeks a writ of prohibition from this Court preventing the trial court

---

1. Section 508.010.5(1), RSMo Supp.2008, provides that "[i]f the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the State of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured."

from enforcing its order granting plaintiffs' motion to add McIntosh as a defendant. The railway argues that St. Louis County is the proper venue for this case under section 508.010.5, RSMo Supp.2008, and that the trial court, therefore, exceeded its "jurisdiction" in overruling the railway's motion to transfer venue. This Court issued a preliminary writ of prohibition. Following briefing and argument, the preliminary writ is quashed. Mo. Const. art. V, sec. 4.

## Analysis

It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the circuit court before trial and judgment. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820 (Mo. banc 1994). In arguing that the trial court's actions justify issuance of an extraordinary writ, the railway mischaracterizes improper venue as jurisdictional.

 Jurisdiction describes the power of a court to try a case, while venue relates to the locale where the trial is to be held. *Id.* A court's authority, or jurisdiction, to hear a case is based upon constitutional principles. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009). Venue, in contrast, is determined by the applicable rule or statute. 77 Am.Jur.2d Venue § 2 (2008). Venue assumes the existence of jurisdiction and determines, among many courts with jurisdiction, the appropriate forum for the trial. *Wyciskalla* at 252. Because it involves a procedural rather than a jurisdictional question, venue is a matter that goes to process rather than substantive rights. 77 Am.Jur.2d Venue § 2.

This Court formally severed the concepts of jurisdiction and venue in *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820. In *Mummert*, the relator requested a writ of mandamus requiring that the circuit court, where venue was improper, transfer the case to a county where venue was proper. *Id.* at 821. The Court held that issuance of the writ was proper because the circuit court "failed to exercise a ministerial duty to transfer this case to a county in which venue was proper." *Id.* The Court was careful to explain, however, that the basis for its holding was not jurisdictional, overruling contrary judicial decisions: "proper venue is no longer a prerequisite to personal jurisdiction." *Id.*

 Though not a jurisdictional requirement, trial courts do have a ministerial duty to transfer cases to correct venues. *Id.* at 821. It follows that an appellate court may issue an extraordinary writ requiring that the circuit court transfer a case to the proper venue, particularly when issuance of the writ is necessary to prevent unnecessary, inconvenient and expensive litigation. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 856 (Mo. banc 2001).

 The question presented here is whether the ministerial duty to transfer venue must be exercised immediately, requiring that the circuit court take no other action. The word "shall" appears throughout statutes and rules relating to this subject, though the phrase "shall only" or other similar command does not.

An exploration of the statutes and rules is necessary to determine whether the circuit court's action in this case must be corrected by a writ. Section 508.010, RSMo Supp.2008, governs the determination of venue in tort cases. As amended in 2005, the statute provides that, when a non-resident plaintiff is first injured outside of the state and the defendant is a corporation, venue lies "in any county where a defendant corporation's registered

agent is located." Section 508.010.5(1), RSMo Supp.2008. When a case is filed in an improper venue, section 476.410, RSMo 2000, provides that "the division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." The rule governing transfer of venue, Rule 51.045, contains similar language, stating that "an action brought in a court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed." Rule 51.045(a).

The railway cites the mandatory language of both section 476.410, RSMo 2000, and Rule 51.045. The railway correctly points out that both the statute and the rule provide that, when a case is filed in an improper venue, the trial court where the action is filed "shall" transfer the case to the proper venue. This language, according to the railway, creates a bright line rule mandating transfer when venue is improper. The railway argues that, under this bright line rule, the trial court in this case had no choice but to transfer plaintiffs' action to the St. Louis County circuit court, the proper venue under section 508.010.5(1), RSMo Supp.2008, because plaintiffs are non-residents whose injuries first occurred out of state, the railway's only registered agent is located in St. Louis County and, at the time the railway filed its motion to transfer, the railway was the only defendant in the case.

The railway's position, endorsed by the dissent, would restrict the circuit court's ability to re-determine venue based upon amendments to the original petition. This position, however, is not consistent with section 508.012, RSMo Supp.2008.[2] Section 508.012, RSMo Supp.2008, mandates re-determination of venue in cases where the addition or removal of a party renders venue improper and provides for transfer to a proper venue. It follows that where, as in this case, the addition of a party *cures* a defect in venue, the case should remain in the court where venue is proper considering the newly added party.

The trial court's decision to grant the plaintiffs' motion for leave to amend reflects the directive contained in Rule 55.33, which provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 55.33(a).[3]

There are two reasons to allow a judge to grant leave to amend to add a party before acting on the motion to transfer. The first is that neither section 476.410, RSMo 2000, nor Rule 51.045 requires the circuit court to stop everything and transfer the case. In fact, the rule provides that an opposing party may file a response to the motion within thirty days.[4] Neither the statute nor the rule precludes the opposing party from filing a motion to amend the petition—a motion to amend may well

---

**2.** Section 508.012, RSMo Supp.2008, provides: "At any time prior to the commencement of a trial, if a plaintiff or defendant, including a third-party plaintiff or defendant, is either added or removed from a petition filed in any court in the State of Missouri which would have, if originally added or removed to the initial petition, altered the determination of venue under section 508.010, then the judge shall upon application of any party transfer the case to a proper forum under section 476.410, RSMo."

**3.** The tradition of allowing amendments to pleadings is longstanding. *See Dallam v. Bowman*, 16 Mo. 225 (Mo.1852) (holding that discretion of courts in permitting amendments of pleadings in furtherance of justice should be liberally exercised).

**4.** Rule 51.045(b) provides: "Within thirty days after the filing of a motion to transfer for improper venue, an opposing party may file a reply. For good cause shown, the court may extend the time to file the reply or allow the party to amend it."

be the most appropriate response to a motion to transfer.

The second reason for allowing an amendment before ruling on the motion to transfer is practical. If the court immediately had ordered the case transferred to St. Louis County, as the railway urged, the plaintiffs could have dismissed the action without prejudice under Rule 67.02 and filed a new petition in Jackson County naming the railway and McIntosh as defendants. And, of course, venue would be proper. Time and money would be wasted in this process, and the ultimate effect would be nil.[5]

The resulting amendment to the pleading—i.e., the addition of McIntosh as a defendant—rendered venue in Jackson County proper. This means that there are two correct venues in this case—Jackson County and St. Louis County. The trial court did not err in overruling the railway's motion to transfer.

## Conclusion

In this case, the circuit court had both personal and subject matter jurisdiction. It did not exceed its jurisdiction or its authority by allowing plaintiffs to cure the defect in venue by adding McIntosh as a defendant.

The preliminary writ of prohibition is quashed.

5. With the 2005 amended statute, the Court's ruling in this case conforms to what Judge Stephen N. Limbaugh, Jr. described as "the better rule" in his 1994 dissent in *DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823. The better rule is to allow the plaintiffs the opportunity to change parties to correct a venue problem, rather than to adopt a procedure that requires the plaintiff to dismiss and re-file the lawsuit with proper parties for venue. *Id.*

STITH, C.J., PRICE, TEITELMAN and BRECKENRIDGE, JJ., concur.

FISCHER, J., dissents in separate opinion filed.

RUSSELL, J., concurs in opinion of FISCHER, J.

ZEL M. FISCHER, Judge, dissenting.

I dissent and would make the writ of prohibition absolute.

Prohibition is the appropriate civil remedy to restrain civil action for lack of jurisdiction. *State ex rel. Dilliard's, Inc. v. Ohmer*, 190 S.W.3d 570, 572 (Mo.App.2006) (citing *State ex rel. SSM Health Care St. Louis v. Neill*, 78 S.W.3d 140, 142 (Mo. banc 2002)). Historically, this Court has ruled that "improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction." *Neill*, 78 S.W.3d at 142. When venue was improper, therefore, a writ of prohibition would be issued to bar the trial court from taking any further action, except to transfer the case to a proper venue. *Id.*

After this Court's opinion in *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820 (Mo. banc 1994), venue was not considered "jurisdictional." But this Court always has considered issuance of a writ of prohibition to be the proper remedy when a trial court failed to exercise its ministerial duty to transfer venue to a county where venue is proper.[1]

1. Direct appeal after completion of a jury trial historically has not been considered an adequate remedy to address improper venue. Venue issues were considered jurisdictional, therefore, for purposes of using the extraordinary writs of prohibition and mandamus. *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630 (Mo. banc 2007); *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258 (Mo. banc 1997); *State ex rel. Highway Comm'n of Mo. v. Curtis*, 365 Mo. 447, 283 S.W.2d 458 (1955); *State ex rel. Bixman v. Denton*, 128 Mo.App.

Here, as in all cases where venue is improper, the trial court's only option was to transfer this case. Rule 51.045(a) states, "An action brought in a court where venue is improper **shall** be transferred to a court where venue is proper if a motion for such transfer is timely filed." (emphasis added). Section 508.012, RSMo Supp. 2008, as the majority argues, does not give the trial court authority to cure a venue defect and add an additional party. Section 508.012 presupposes that venue is proper and then contemplates that the addition or removal of a party could alter the analysis based on § 508.010 and that a judge would then have the authority to order transfer to a proper venue. (The clear intent of this legislation was to combat pretensive joinder, which the parties agree is not an issue in this case.) Nothing in § 508.012 empowers a court to act in excess of its authority when this Court's rule provides if a case is filed in an improper venue, it **shall** be transferred.

The analysis in *Dilliard's* controls this case. In *Dilliard's,* the plaintiff filed an action in St. Louis City Circuit Court that included allegations of civil rights violations that occurred in St. Louis County. 190 S.W.3d at 571–73. By statute, the civil rights allegations were required to have been filed in St. Louis County, not St. Louis City. *Id.* at 572. The court in *Dilliard's* read Rule 51.045(a) and correctly held that the trial court had no authority to allow the plaintiff to amend the pleadings and that the trial court's only permissible action was to grant transfer to a proper venue. *Id.* at 573.

The same should be true here. Because venue was improper in Jackson County, and a timely motion to transfer venue was filed, the trial court's only option was to transfer venue to St. Louis County. In failing to grant a writ of prohibition, this Court allows the trial court to act in excess of its authority.

This writer concedes the principal opinion may offer a more practical approach in light of the legislature's enactment of § 508.012, which, for the first time in Missouri jurisprudence, creates a "wait and see approach" to venue. Nevertheless, an orderly system of justice requires the litigants, attorneys, and trial courts of this state to be able to rely on this Court to follow its own rules, and when the rule uses the word "shall," it should mean "shall."[2]

304, 107 S.W. 446 (1908); *State ex rel. Lloyd v. Clayton,* 34 Mo.App. 563 (1889).

**2.** If a majority of this Court thinks that it is good policy to give trial courts discretion to make venue a moving target to the date of trial (as apparently the legislature does in

some instances by the enactment of § 508.012), the matter should be referred to the Civil Rules Committee for consideration. The strategy to the game called "forum shopping" will reach a new high.