

# In the Missouri Court of Appeals
# Eastern District
WRIT DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of: | ) | No. ED103252 |
| | ) | |
| STATE OF MISSOURI ex rel. | ) | Appeal from the Circuit Court |
| SHAKIRA FRANKLIN, | ) | of St. Charles County |
| | ) | |
| Relator, | ) | Hon. Erin S. Burlison |
| vs. | ) | |
| | ) | Writ of Mandamus |
| HONORABLE ERIN BURLISON, | ) | Cause No. 1511-FC00683 |
| Circuit Court Judge of St. Charles County, | ) | |
| | ) | Filed: |
| Respondent. | ) | September 8, 2015 |

Shakira Franklin ("Relator") seeks a writ of mandamus to compel the Honorable Erin Burlison ("Respondent") to uphold her initial order granting a change of venue and transferring the case from St. Charles County to Grundy County. We entered a preliminary order of mandamus, and Respondent filed a timely answer and suggestions in opposition. We dispense with further briefing as permitted by Rule 84.24(j). We now make that preliminary order permanent, as modified below.

DeWayne Glenn ("Petitioner") filed the underlying petition for declaration of paternity and for child custody and support of his and Relator's minor son in St. Charles County, where he lived. Relator filed a motion for change of venue under Section 452.300—the venue provision in the dissolution of marriage statute—on grounds that the child had lived exclusively with her in Grundy County for the previous twelve years and the majority of relevant evidence existed in Grundy County. Respondent granted the motion pursuant to that statute, stating that transfer to

Grundy County was in the child's best interest. Petitioner sought to amend or set aside that transfer order on grounds that Section 210.829.4 of the parentage act governed venue in this case. Respondent granted the motion to set aside, finding that her original ruling was incorrect and stating that she would accept transfer of the matter back from Grundy County.

Under Rule 51.13 and the case law interpreting it, a valid order transferring venue can be annulled by the trial court only before the papers or transcript are filed in the receiving court and only with the consent of the parties. See State ex rel. Leigh v. Dierker, 974 S.W.2d 505, 506 (Mo. banc 1998); State ex rel. Drumm v. Seay, 990 S.W.2d 664, 665 (Mo. App. S.D. 1999). It is undisputed that the papers had already been sent to and received by Grundy County at the time Respondent entered the judgment setting aside the transfer order and that the parties did not consent to the setting aside of that order. But Respondent argues that the trial court was not bound by the constraints of Rule 51.13 anyway because the original transfer order was invalid in that it was entered without statutory authority and therefore in excess of her jurisdiction. Thus, it is argued, Respondent properly set aside the invalid transfer of the case.

First, we agree with Respondent that the original order transferring this case was incorrect. The venue provision of the parentage act applies here, not the venue provision of the dissolution statute. Thereunder, venue was proper where Petitioner, the father, resided. See Section 210.829.4. The cases on which Relator relies for the proposition that the venue provision of the dissolution statute applies are inapposite. Those cases involved situations where the custody or support provisions of the dissolution statute were applied either because there was no applicable custody provision in the parentage act or because the dissolution statue provided an alternative means for seeking support. See Day ex rel. Finnern v. Day, 256 S.W.3d 600, 602 (Mo. App. E.D. 2008) (custody provision in dissolution statute governs initial custody award in

paternity cases and requires consideration of factors listed therein and best interests of child); Tompkins v. Baker, 997 S.W.2d 84, 89 (Mo. App. W.D. 1999) (custody and visitation requests in paternity action governed by custody provision in dissolution statute); Martin v. Obiakor, 992 S.W.2d 201, 204, (Mo. App. E.D. 1999) (party seeking pre-petition support in paternity action could request either reimbursement under parentage act or child support based on gross income under dissolution statute; error to say child support provision of dissolution statute did not apply in paternity cases). None of these holdings had anything to do with venue, nor do they suggest that the venue provision in the dissolution statute should be applied instead of the one in the parentage act.

Even though we find that the transfer order was erroneous because it relied on the wrong venue statute, that error does not mean that the order was void or invalid such that it was a legal nullity. In general, a judgment is void or invalid only where the trial court lacked jurisdiction or the judgment was rendered without due process of law; a judgment is not void or invalid merely because it is erroneous. See E.A.P. ex rel. V. C.I. v. J.A.I., 421 S.W.3d 460, 463 (Mo. App. S.D. 2013). Respondent cites to a case in which we held that venue was proper under the parentage act in the court where it was filed and the judge "acted in excess of his jurisdiction by transferring" the case outside of that venue; that order of transfer was deemed invalid and void. State ex rel. Palmer by Palmer v. Goeke, 8 S.W.3d 193,195-96 (Mo. App. E.D. 1999). We noted in that case that we were not talking about subject matter or personal jurisdiction, but rather the statutory authority to grant particular relief in a particular case:

> In this context, the phrase "acted in excess of his jurisdiction" is used in the sense that actions taken and orders entered by a trial court are void when the trial court lacks statutory authority to grant the particular relief, even though the court might otherwise have jurisdiction over both the subject matter and the parties.

3

Id. at 197 n. 2 (internal quotation marks and citation omitted). Although the Supreme Court had already formally severed the concepts of jurisdiction and venue in State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 821 (Mo. banc 1994), at the time of Goeke, it was not until J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 252 (Mo. banc 2009), that the Supreme Court squarely rejected the idea that statutory authority to act is a matter of jurisdiction:

> Elevating statutory restrictions to matters of "jurisdictional competence" erodes the constitutional boundary established by article V of the Missouri Constitution, as well as the separation of powers doctrine, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides. If "jurisdictional competence" is recognized as a distinct concept under which a statute can restrict subject matter jurisdiction, the term creates a temptation for litigants to label every statutory restriction on claims for relief as a matter of jurisdictional competence.

Webb, 275 S.W.3d at 254. Because venue is a determined by the applicable rule or statute, it does not relate to the court's jurisdiction over a case. State ex rel. Kansas City Southern Railway Company v. Nixon, 282 S.W.3d 363, 365 (Mo. banc 2009). Hence, when we issue writs compelling a lower court to transfer a case to a county where venue is proper, we do so not because that court lacked jurisdiction due to improper application of a venue statute, but because it failed to properly exercise its "ministerial duty" to transfer the case to a county where venue was proper. Id.

Here, we cannot deem the order transferring this case to be void or an act in excess of Respondent's jurisdiction simply because it was granted under the wrong venue statute. The transfer order being valid—albeit wrong—Respondent was without authority to recall or annul that order under Rule 51.13 because the parties did not consent to such a recall and the file had already been physically transferred to Grundy County. Because she exceeded her authority in setting aside the transfer order, we must direct Respondent to vacate the judgment setting the transfer order aside and reinstate the original transfer order. See Seay, 990 S.W.2d at 665

4

(ordering respondent to vacate set-aside order—entered without consent and after transfer of papers—and reinstate transfer order).

We are constrained from providing further relief despite our recognition that the transfer order is incorrect because the file is already in Grundy County. The act of improper transfer must be undone by the court that has received the file. See State ex rel. Missouri Public Service Commission v. Joyce, 258 S.W.3d 58, 60 (Mo. banc 2008). Thus, relief should first be sought in the circuit court of Grundy County and then, if necessary, from the appellate court with territorial jurisdiction over Grundy County—which is the Western District, not this District. See Rule 84.22(a) ("No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court."); see also Section 477.050-070 (setting out territorial jurisdictions of each district of the court of appeals).

The preliminary order in mandamus is modified as follows and made permanent: Respondent is ordered to vacate the judgment setting aside the order transferring venue to Grundy County and to reinstate the order transferring venue to Grundy County.

ROBERT G. DOWD, JR., Presiding Judge
Writ Division Three

Angela T. Quigless, J. and
Sherri B. Sullivan, J., concur.

5